## SARAZIN v. UNION RAILROAD COMPANY et al., Appellants.

### Division Two, January 23, 1900.

1. **Appeals:** MATTERS CONSIDERED.  In a law case it is only errors complained of by the appealing party that are reviewed by the appellate court.

2. **Adoption of Children:** STATUTORY. The adoption of children is in derogation of the common law, is purely of statutory enactment, and the statutes governing it must be strictly complied with.

3. ———: DEFECTIVE ACKNOWLEDGMENT.  A deed of adoption of a grandchild was signed by both husband and wife, but acknowledged by him alone.  The child was killed by a railroad company, and both husband and wife brought suit for damages under the statute, but the husband dying, its prosecution was continued by her alone. *Held*, that the deed of adoption, so far as it purported to be a deed by the wife, was absolutely void, because not acknowledged as the statute requires, and she could not recover for the death of the adopted child.

4. ———: ———: MISTAKE OF NOTARY.  Nor would it validate the deed that the defective acknowledgment was due to a mistake of the notary, or was unintentional on his part.  And the child being dead it could not be corrected.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty*, Judge.

REVERSED.

*Smith P. Galt* for appellants.

In the alleged instrument of adoption, relied on in this case by plaintiff, there is no acknowledgment at all by

the plaintiff, and the only acknowledgment is by N. J. Sarazin, "that he executed the same as his free act and deed." And, as under the statute "the deed (of adoption) shall be executed, acknowledged, and recorded in the county of the residence of the persons executing the same, as in the case of conveyance of real estate," and only takes effect from the time of filing for record, and as the failure or refusal of the wife to acknowledge a deed or conveyance of real estate makes the conveyance void as to her, so in the case at bar, the deed of adoption was void as to her. It is intended that the same formalities and safeguards shall be observed concerning a deed of adoption by husband and wife as in a conveyance of real estate by their joint deed, because in practical effect a deed of adoption is a conveyance of real estate, for the adopted child becomes an heir. And as the alleged deed of adoption was not binding upon Mrs. Sarazin, if the child had lived, it conferred upon her no rights, in case of its death.

*Sterling P. Bond* for respondent.

(1)   The acknowledgment of the deed of adoption was sufficient. Breckinridge v. Ins. Co., 87 Mo. 68; Harrington v. Fortner, 58 Mo. 473; Caldwell v. Hood, 17 Mo. 561; Mc-Culloch v. Holmes, 111 Mo. 445; Wilcoxon v. Osborn, 77 Mo. 626; Wells v. Atkinson, 24 Minn. 165. (2) It is the policy of the law to uphold certificates of acknowledgment whenever possible, and for that purpose resort will be had if necessary to the instrument to which it is attested. Wilcoxon v. Osborn, 77 Mo. 621; Owen v. Baker, 101 Mo. 407; Hughes v. Morris, 110 Mo. 306; 1 Am. and Eng. Ency. of Law (2 Ed.), 547; Marcey v. Stark, 116 Mo. 481; Johnson Estate, 98 Cal. 531; Fosburg v. Rogers, 114 Mo. 123; Bancroft v. Bancroft, 53 Vt. 9. (3)   A contract for adoption can be specifically enforced. Healey v. Simpson, 113 Mo. 346; Sharkey v. McDumot, 91

Mo. 647; Hortshorn v. Dawson, 79 Ill. 108; Mitchner v. Holmes, 117 Mo. 210. (4) In all of the States statutes exist which provide for the acknowledgment of deeds. Generally the statute prescribes a particular form with which substantial compliance is necessary. The object of the statutes is to prove the execution of the conveyance so as to insure its authenticity when presented for registration, and to enable it to be used in evidence without further proof of its execution by the grantor. The certificate of acknowledgment is not essential to the validity of the deed, which is operative, without acknowledgment between the parties. The certificate is simply evidence of the execution of the deed supplying the place of direct proof, and like other evidence should receive a reasonable construction. 1 Devlin on Deeds, sec. 484; Wilson v. Kimmell, 109 Mo. 264; Railroad v. Parrott, 92 Ill. 194; Donahue v. Mills, 41 Ark. 425; Brown v. Corbin, 121 Ind. 457; Land Co. v. Dunlap, 23 S. W. Rep. 473; Durst v. Daugherty, 17 S. W. Rep. 88; Geer v. Lumber & Mining Co., 134 Mo. 94; R. S. 1889, sec. 4864; McLane v. Conales, 25 S. W. Rep. 30.

BURGESS, J.—This suit was originally brought by the present plaintiff, and her then husband, Norbert J. Sarazin, as the adopted parents of one Susan V. Chalfant, a female child about nine years of age and unmarried, against the defendant companies for five thousand dollars damages for running over and killing said child, in the city of St. Louis on the 3d day of October, 1894.

After the institution of the suit, to wit, on the 13th day of June, 1895, said Norbert J. Sarazin died, and its prosecution has since been continued by his wife alone. Susan V. Chalfant was the granddaughter of the original plaintiffs. Her mother died on the 25th day of January, 1888, and Susan V.'s grandparents by and with the written consent of her father, Julian O. Chalfant, undertook by deed of date January 28, 1888, to adopt her, and, to that end had prepared and signed

an instrument of writing, which together with the certificate of acknowledgment is as follows:

"This deed of adoption made and entered into this twenty-eighth day of January, A. D. 1888, by Susan E. Sarazin and Norbert J. Sarazin, her husband, both of the city of St. Louis, State of Missouri, witnesseth:

"That in accordance with the provisions of the statutes of the State of Missouri, provided therefor, they and each of them do hereby adopt as their legal child, heir and devisee, the certain female child named Susie V. Chalfant, aged three years last November 10, 1887, the infant child of our daughter, Adelaide C. Chalfant, and her husband, Julian O. Chalfant; said child heretofore and now being known by the name of Susie V. Chalfant.

"We, the said parties, do hereby constitute and appoint said child Susie as our legal heir or devisee in all respects, forever enjoying all the rights and privileges of a natural child.

"In witness whereof we have hereunto set our hands and seals this twenty-eighth day of January, A. D. 1888.

"N. J. Sarazin,   (Seal.)
"S. E. Sarazin,   (Seal.)

"State of Missouri, ⎫
                    ⎬ ss.
City of St. Louis.  ⎭

"On this 26th day of January, 1888, before me personally appeared N. J. Sarazin and S. E. Sarazin, his wife, to me known to be the person described in and who executed the foregoing instrument and acknowledged that he executed the same as his free act and deed. In testimony whereof, I have hereunto set my hand and affixed my official seal, at my office in St. Louis, the day and year first above written. My term expires June 28th, 1889.

"(Seal.)                          R. J. Delane,
                        "Notary Public, St. Louis, Mo."

- The deed was recorded on the 28th of January, 1888.

From the time of her adoption until her death the child continued to live with her grandparents.

At the trial of the cause on March 9, 1897, plaintiff offered in evidence the deed of adoption, which upon objection of defendants upon the grounds that the same was incompetent and irrelevant, and because not acknowledged by the plaintiff, as required by statute, was excluded, whereupon plaintiff took a nonsuit with leave to move to set the same aside.

Thereafter in due time on motion of plaintiff the nonsuit was set aside and a new trial granted, and, from the order setting aside the nonsuit, and granting plaintiff a new trial defendants appeal.

As plaintiff is not complaining of the action of the court in setting aside the nonsuit, and granting her a new trial, it is immaterial that she took no exception to the ruling of the court in excluding the deed of adoption. If, however, the motion to set aside the nonsuit and to grant a new trial had been overruled, and, plaintiff had appealed from the order overruling the motion, then in order to have the action of the court reviewed here with respect thereto, it would have been necessary that the record show that plaintiff excepted to the action of the court in excluding the deed, but in so far as plaintiff is concerned that ruling was corrected by granting a new trial. In a law case, it is only errors complained of by the appealing party that are reviewed by the Supreme Court.

By section 4425, Revised Statutes 1889, it is provided that: "Whenever any person shall die from any injury resulting from or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employee whilst running, conducting or managing any locomotive, car or train of cars......the corporation, individual or individuals in whose employ any such officer, agent, servant, employee, master, pilot, engineer or driver shall be at the time of such injury is committed, or who owns any such railroad, locomotive, car,

stage coach or other public conveyance at the time - any injury is received resulting from or occasioned by any defect or insufficiency, unskillfulness, negligence or criminal intent above declared, shall forfeit and pay for every person or passenger so dying the sum of $5,000, which may be sued for and recovered.......third, if such deceased be a minor and unmarried, whether such deceased unmarried minor be a natural born or adopted child, if such deceased unmarried minor shall have been duly adopted according to the laws of adoption of the State where the person executing the deed of adoption resided at the time of such adoption, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment."

Section 968 of said statute is as follows: "If any person in this State shall desire to adopt any child or children as his or her heir or devisee, it shall be lawful for such persons to do the same by deed, which deed shall be executed, acknowledged, and recorded in the county of the residence of the person executing the same, as in the case of conveyance of real estate."

Section 969 provides that: "A married woman, by joining in the deed of adoption with her husband, shall, with her husband, be capable of adopting any child or children."

The following section provides for the recording of the deed in the recorder's office, and the rights of the child thus adopted, thereafter, as against the adopters.

The question for solution therefore is, was the deed of adoption in so far as the plaintiff is concerned executed and acknowledged as in the case of conveyance of real estate?

Under our statute (sec. 2396, R. S. 1889), a husband and wife may convey the real estate of the wife by their joint deed acknowledged and certified as provided by the provisions of that chapter, that is, by subscribing a deed thereto and acknowledging the same (sec. 2401, R. S. 1889), before some notary public (sec. 2403, R. S. 1889), or some other officer named in said section, who shall grant a certificate thereof,

and cause the same to be indorsed on such conveyance, and attested by his official seal. [Sections 2405 and 2406.] "The certificate of acknowledgment shall state the act of acknowledgment, and that the person making the same was personally known to at least one judge of the court, or to the officer granting the certificate, to be the person whose name is subscribed to the instrument as a party thereto......and when a married woman unites with her husband in the execution of any such instrument, and acknowledges the same.... she shall be described in the acknowledgment as his wife, but in all other respects her acknowledgment shall· be taken and certified as if she were sole." [Sec. 2408, R. S. 1889.]

Adoption is in derogation of the common law, and purely of statutory enactment, and like all other similar statutes must be strictly complied with. Thus in Ex parte Clark, 87 Cal. loc. cit. 641, it is said: "The right of adoption is purely statutory. It was unknown to the common law, and as the right when acquired under our statute operates as a permanent transfer of the natural rights of the parent, it is repugnant to the principles of the common law, and one who claims that such a change has occurred must show that every requirement of the statute has been strictly complied with. It can not be said that one condition is more important than another." [Tyler v. Reynolds, 53 Iowa, 146; Shearer v. Weaver, 56 Iowa, 578; Keegan v. Geraghty, 101 Ill. 26; Furgeson v. Jones, 17 Oregon, 204.]

While it appears from the face of the deed that Mrs. Sarazin signed it, and, from the certificate of acknowledgment indorsed thereon that she and her husband were personally known to the notary taking it, and, that they personally appeared before him on the 26th day of January, 1888, it also appears from said certificate that he alone acknowledged the deed to be his free act and deed, and does not show that she acknowledged it to be her act and, in this very essential particular, she did not execute it as in the case of conveyance of real

estate, which can only be done, in so far as third parties are concerned, in strict accordance with the provisions of the statute, heretofore referred to.

It may be, and perhaps was the fact, that the use of the words, "he" and "his" in the certificate instead of the words "they" and "their" was unintentional on the part of the notary, and a mistake—but even if that were so it would not validate the deed—nor can it be corrected now since the child is dead.

There are cases in which as between alleged adopted children, and, alleged adopting parents or their heirs, that strict compliance with statutory requirements have not been strictly enforced, and where the children were allowed to inherit under the adoption, but this is upon the ground of contract with, or for the benefit of the children, and compliance with the contract upon their part by rendering such services as was required of them by their adopted parents. Under such circumstances "equity will enforce the contract against the representatives of the alleged adopting parents." [1 Am. and Eng. Ency. of Law (2 Ed.), 728; Healey v. Simpson, 113 Mo. 340; Wright v. Wright, 99 Mich. 170; Van Tine v. Van Tine, 15 Atl. Rep. 249.]

Our conclusion is that the deed in so far as the plaintiff is concerned, is absolutely void because not executed as required by the statute.

For these considerations we reverse the judgment. *Gantt,* *P. J.,* and *Sherwood, J.,* concur.