W. D. LASSWELL, Respondent v. OTHAR L. McFARLAND, Administrator of the Estate of ORA A. McFARLAND, deceased, Appellant.*

St. Louis Court of Appeals. Opinion filed May 4, 1926.

1. **EXECUTORS AND ADMINISTRATORS:** Bonds: Adoption: Effect on Descent: Heirs: Affidavit Filed By Adopting Father to Require Administrator of Adopted Child's Estate to Give New Statutory Bond: Jurisdiction. In a proceeding begun by plaintiff in the probate court as the adopting father of deceased by filing his affidavit under section 26, Revised Statutes 1919, requesting the court to require the administrator of the alleged adopted child's estate, which estate was in the process of administration in said court, to file a new statutory bond as such administrator, even though plaintiff were in fact the adopting father of deceased under section 1673, Revised Statutes 1909, as it stood prior to 1917, he has no such interest in the estate as "an heir, legatee, creditor or other

person interested in the estate" of said deceased adopted child as required by said section 26 to give the probate court jurisdiction and therefore neither the probate court nor the circuit court on appeal obtained any jurisdiction under plaintiff's affidavit to require the administrator to give a new bond.

2. **SAME: Court of Its Own Motion Without Jurisdiction to Enter Order Increasing Bond.** In a proceeding specifically under section 26, Revised Statutes 1919, begun by the adopting father of decedent by filing his affidavit to require the administrator to give a new statutory bond and he had no such interest in the estate as would warrant him in asking the court to require a new bond, the court was without jurisdiction thereunder on its own motion to enter an order requiring said administrator to give a new bond in such proceeding, as a proceeding to require bond to be given in amount by an executor or administrator as provided by section 17 must be under section 31.

*Corpus Juris-Cyc. References: Executors and Administrators, 23 C. J., p. 1078, n. 53; p. 1079, n. 61 New.

Appeal from the Court of Common Pleas of Cape Girardeau.—*Hon. O. A. Knehans,* Judge.

REVERSED AND REMANDED (*with directions*).

*Oscar V. Seed* for appellant.

(1) The probate court had no authority to entertain respondent's application. (a) If any heir, legatee, creditor, or other person interested in any estate, file in the probate court an affidavit stating that the affiant has sufficient cause to believe and does believe that the security in the executor's or administrator's bond has or is likely to become insolvent, or has died, or has removed from the State, or that the principal in such bond has or is likely to become insolvent, or is wasting the estate, or that the penalty of any such bond is insufficient, or that such bond has not been taken according to law, and shall have given the principal in such bond at least ten days' notice of the complaint, the court shall examine into the complaint. Sec. 26, R. S. 1919. (b) The probate court

erred in assuming to determine respondent's interest which is a claim of adoption as that is an issue that can only be tried by a court of equity. Hess v. Sandner, 198 Mo. App. 636, 198 S. W. 1125. (c)  A probate court cannot be turned into a court of equity and exercise the jurisdiction of such a court in behalf of a claimant who does not stand in the relation of a creditor to the estate, but comes merely as the *cestui que trust* of a trust fund of which the decedent is alleged to be the trustee, and the existence of which is not conceded, but which can be established if at all, only by a court of equity. Hess v. Sandner, 198 Mo. App. 636, 198 S. W. 1125. (d) It is a well-settled rule in this State that our probate courts have no inherent powers, their powers being entirely derivative, and exercise only such as are conferred by or implied from legislation. Peck v. Fillinghams' Estate, 199 Mo. App. 277, 202 S. W. 465. (2) The court of common pleas erred in finding that respondent had an interest in said estate after that issue had been adjudicated by another court. (a)  A judgment is valid and binding upon the parties as long as it remains unreversed and it is not competent for another circuit court to retry those issues, either by law or fact. Edmonsten v. Carter, 79 S. W. 459. (b)  Judgment from which an appeal is taken without giving of *supersedeas* bond, is until reversed, *res adjudicata* between the parties as to matters therein determined. *Supersedeas* has no other force or effect than to prevent enforcement of judgment, and does not destroy its operation as former adjudication. Bobb v. Taylor, 193 S. W. 800. (c)  The weight of authority as well as reason is that when a case is removed to an appellate court by a writ of error or an appeal, and it is not to be tried there *de novo,* but it is to be determined by an examination of the record, and the judgment either affirmed or reversed or modified, such writ of error or appeal does not vacate the judgment below or prevent it from being pleaded or given in evidence as an estoppel upon issue that were tried and determined, unless some local

statute provides that it shall not be so used pending the appeal. Rodney v. Gibbs, 184 Mo. App. 1, 82 S. W. 187. (See cases cited therein.)

*Hal H. McHaney* for respondent.

(1) The defendant's appeal should be dismissed be cause no right of appeal exists from an order of the probate court increasing the bond of an administrator to twice the amount of personal estate; such an order being a performance by the probate court of its mandatory duty. R. S. 1919, secs. 12, 17, 21, 26, 28, 30, 31, 282; King v. King, 73 Mo. App. 78. (2) The finding of the probate court was proper under the law and under the facts in the case. (a) Under the statutes of the State of Missouri an administrator is required to give bond for at least twice the amount of the appraisement of the personal property, and even though W. D. Lasswell had no interest in the estate involved, the probate court by its order herein, was simply performing its duty. R. S. 1919, secs. 17, 26, 30, 31. (b) The above statutes are mandatory and a compliance therewith is a condition precedent to qualifying as an administrator. Leahy v. Mercantile Trust Co., 247 S. W. 396; State v. Ittner, 263 S. W. 148; State v. Holtcamp, 168 Mo. App. 402, 153 S. W. 75; State v. Price, 15 Mo. 265; R. S. 1919, sec. 28. (c) It would have been proper for the trial court to have fixed the administrator's bond at twice the amount of the personal property. (1) Upon appeal to the circuit court it was proper for said court to try and determine the same anew. R. S. 1919, sec. 289. (2) An administrator under the law must give bond in twice the value of the personal property of the estate represented. R. S. 1919, secs. 17, 26; Leahy v. Mercantile Trust Co., 247 S. W. 296; State v. Ittner, 263 S. W. 158; State v. Holtcamp, 168 Mo. App. 402; State v. Price, 15 Mo. 265; R. S. 1919, sec. 28. (d) The contingent interest of W. D. Lasswell, plaintiff herein, was such an interest as

would warrant him in asking the probate court to require the statutory bond of Othar L. McFarland, administrator, if any interest was necessary. R. S. 1919, sec. 26; Ashurst v. Union Bank & Trust Co., 76 So. 917; In re Kennedy's Estate, 128 N. Y. S. 626; In re Kelley's Estate, 122 Cal. 379, 55 P. 136; Byrd v. Jones, 84 Ala. 336, 4 So. 375; C. B. & Q. R. Co. v. Gould, 64 Iowa, 343, 20 N. W. 464; Creamer v. Waller, 2 Dem. Sur. 351-353. (3) The matter of the interest of W. D. Lasswell is of no importance in the case at bar. R. S. 1919, sec. 17; Leahy v. Mercantile Trust Co., 247 S. W. 396; State v. Ittner, 263 S. W. 158; State v. Holtcamp, 168 Mo. App. 402, 153 S. W. 75.

BECKER, J.—This action originated in the probate court of Dunklin county by plaintiff, W. D. Lasswell, filing his affidavit under section 26, Revised Statutes of Missouri 1919, requesting the court to require Othar McFarland, administrator of the estate of Ora A. McFarland, deceased, which estate was in the process of administration in said court, to file a new statutory bond as such administrator. Thereupon McFarland, the said administrator, filed a motion to dismiss said motion for new bond on the ground that the probate court was without jurisdiction to entertain said motion until it was first shown that the said Lasswell had a substantial interest in said estate. The motion to dismiss was overruled and the motion for new bond sustained and an order entered directing the administrator to file a new bond.

On a trial of the case *de novo* on appeal to the circuit court, the court entered the following decree:

"Now on this 18th day of June, 1925, and during the regular May term, 1925, of the Cape Girardeau Court of Common Pleas, Cape Girardeau, Missouri, this cause coming up for decision, both the plaintiff and defendant being represented by counsel and it being admitted that the personal property of this estate is of the value of $117,602.27 and appraised at $80,000, this cause having been heretofore submitted to the court and the court

having heard the evidence adduced by both sides and the argument of the counsel and having consideration of its judgment therein, doth find as follows, to-wit:

"I.   That W. D. Lasswell, plaintiff herein had such an interest as would warrant him in asking the court to require statutory bond of Othar L. McFarland, Administrator.

"2.   That even though W. D. Lasswell had no such interest, the probate court by its order herein, was simply performing the duty which the statutes impose upon it as sections 17 and 16 of the Revised Statutes of Missouri 1919, are mandatory.

"3.   That if it were proper for this court to do so and if said cause be tried *de novo,* the bond should be fixed at twice the amount of the personal property, as required by the above statutes.

"It is therefore ordered, decreed and adjudged that the order of the probate court herein is affirmed, and that the defendant's motion to dismiss the application and petition of W. D. Lasswell to increase the bond of Othar L. McFarland, administrator of the estate of Ora A. McFarland, deceased, is overruled."

From this decree McFarland, administrator, in due course appeals.

For the purpose of this appeal we need note but one of the assignments of error urged here by appellant, namely, that Lasswell, plaintiff below, is, upon the admitted facts in the case, neither, "an heir, legatee, creditor or other person interested in the estate," of Ora McFarland, deceased, as required by section 26, Revised Statutes of Missouri 1919, and therefore neither the probate court nor the circuit court on appeal obtained any jurisdiction under Lasswell's affidavit to give a new bond. This point is well taken.

It is admitted that Lasswell's sole claim to any interest in the estate of Ora McFarland, deceased, is based upon Lasswell's alleged adoption of the said Ora McFarland, on the theory that as the "adopted father" of said Ora McFarland, he became one of his heirs.

It is apparent that any alleged adoption that plaintiff below could rely upon would have to have taken place under our statute of adoption as it stood prior to the present statute, which was enacted in 1917. Said prior statute stood unchanged for ever a period of fifty years, and its language was identical as it appears in section 1673, Revised Statutes of Missouri 1909. Our Supreme Court, in Reinders v. Koppelmann, 68 Mo. 482, in an exhaustive opinion directly ruled that under that statute of adoption, on the death of an adopted child, his estate goes to his relations by blood and not to those by adoption, and this ruling of the Supreme Court has never been questioned. Under this authority we must hold that the plaintiff, under the facts in the case before us, has no such interest in the estate of Ora McFarland even though he were in fact the adopting father under our statute of adoption as it stood prior to 1917, as is required to give the probate court jurisdiction of a motion filed under section 26, Revised Statutes of Missouri 1919.

In this connection we note that the record discloses that Lasswell, plaintiff below, had some time ago filed a suit in the circuit court of Dunklin county against the administrator herein alleging that he, Lasswell, was the adopter of the deceased, Ora McFarland, "by oral contract or by acts and conduct," which he alleged under the laws of the State of Missouri constituted an adoption. It appears that said suit was decided adversely to Lasswell, the court ruling that there had been no adoption. An appeal from this adverse decree is still pending in our Supreme Court.

But respondent urges that even if the trial court erred in holding that Lasswell had such an interest as would warrant him, under section 26, in asking the court to require a new bond, yet the court could nevertheless, of its own motion, enter an order increasing the administrator's bond. This point is without merit.

This proceeding is specifically under section 26, Revised Statutes of Missouri 1919, which provides the man-

ner in which heirs, creditors and other persons interested in an estate may compel the administrator to give a new bond and requires that any motion filed thereunder shall be by way of an affidavit, and requires that the administrator be given at least ten days' notice of the complaint, but should the court desire to take action to increase the bond of the administrator of this estate, under the facts in the instant case, and in light of the provisions of section 17 of our statutes, which requires that the amount of the bond to be given by an executor or administrator shall be not less than double the amount of the personal estate, the proceeding must be under section 31, which provides that, "it shall be the duty of the court, whenever it shall appear necessary and proper, to order an executor or administrator to give other and further security, first giving such executor or administrator at least ten days' notice of such intended order; and if such executor or administrator shall fail to give such further security within ten days after the making of such order, it shall be the duty of the court to revoke his letters, and his authority from that time shall cease."

It follows from what we have said above that the court erred in holding that Lasswell, plaintiff below, had such an interest in the estate of Ora McFarland, deceased, as would, under section 26 of the statutes, authorize him to file his affidavit asking that the administrator be required to give a new bond, and therefore that the court was without jurisdiction thereunder to enter an order requiring the said administrator to give a new bond in this proceeding.

The judgment is accordingly reversed and the cause remanded with direction to the trial court to enter a decree sustaining the administrator's motion to dismiss Lasswell's motion to require the administrator to give a new bond. *Daues, P. J.,* and *Nipper, J.,* concur.