HELEN WEBER v. JOHN T. GRIFFITHS, Administrator of the Estate of
BESSIE H. GRIFFITHS, Appellant.—159 S. W. (2d) 670.

Division Two, December 16, 1941.

Rehearing Denied, March 13, 1942.

*Frank E. Mathews* and *Frank C. Boland* for appellant.

*Max Sigoloff* and *Julius A. Razovsky* for respondent; *Sigmund J. Barack* on the brief.

BOHLING, C.—Equity. Helen Weber instituted this action against John T. Griffiths, the surviving husband and administrator of the estate of Bessie H. Griffiths, who departed this life intestate, seeking a decree adjudging her to be the adopted daughter of Sylvester Hawkins and Lena Hawkins and a sister of Bessie H. Griffiths, the natural-born daughter of said Sylvester and Lena, and a decree adjudging her entitled to share under the laws of descent and distribution as a sister in the estate of said Bessie H. Griffiths, deceased. The decree nisi granted the relief prayed and, operating upon title to real estate inventoried in the estate of said deceased, defendant prosecuted an appeal to this court. We limit our discussion to such of the issues presented as are determinative of this review.

Respondent, in her brief, attacks the motion for new trial and the abstract and the brief of appellant. This is a suit in equity. The motion for new trial included, among others, the assignments set out and held "abundantly sufficient" in Abernathy v. Hampe (Mo. App.), 53 S. W. (2d) 1090, 1094[9]. They attacked the findings and decree nisi on the ground they were against the evidence, against the weight of the evidence, contrary to law and equity and to the evidence, etc. See also Findley v. Johnson (Mo.), 142 S. W. (2d) 61, 62[1]; Bank of Brimson v. Graham, 335 Mo. 1196, 1204[3], 76 S. W. (2d) 376, 380[3, 4]. Appellant's brief, in separate assignments, specifically alleges that, under the evidence adduced, the court erred among other things in finding and decreeing respondent to have been adopted and in finding and decreeing respondent entitled to share as a sister in the estate of Bessie H. Griffiths, deceased, and also repeats, in substance, the above referred to broadly worded assignments of the motion for new trial. They are carried forward in appellant's points, with citation of authority; for instance, a point that one "adopted prior to the enactment of the present ▇▇▇ adoption laws of Missouri, and not in accordance with the provisions and requirements thereof, cannot inherit from the kindred of the adopted parents." This is sufficient. Consult Bank of Brimson v. Graham, supra; Shaw v. Butler (Mo.), 78 S. W. (2d) 420, 421[1]. Our rule 13 requires abstracts to set forth so much of the record as is necessary to a complete understanding of the questions presented for decision. The point, quoted supra, made by appellant does not necessarily call for an extended motion for new trial, an extended abstract of the record, an extended statement of the facts or extended assignments of error. However, respondent filed no additional abstract or counter partial abstract indicating the omission of any evidence essential to a determination of the review and respondent's statement contains apt reference to appellant's abstract and informs us that upon this evidence the court rendered its decree. Appellant's abstract was sufficient for respondent's statement of the case. We also find appellant's statement sufficient.

Helen Weber was born in 1897, the natural-born daughter of Frank B. and Anna Callaway, a sister of Lena Hawkins. Helen Callaway Weber's parents died before or when she was about two years of age, and she was reared by Sylvester and Lena Hawkins. Lena Hawkins died in 1918. Sylvester Hawkins died in 1924. Bessie H. Griffiths died in 1938, leaving no descendants, or father or mother or natural-born brother or sister surviving her.

We deem it unnecessary to extend this opinion by a narration of the evidence bearing on the issue of an adoption of respondent by Sylvester and Lena Hawkins. Sylvester and Lena Hawkins had departed this life and the decree did not undertake to operate upon any property of either. The portion of the finding and decree with reference to respondent's adoption by said Sylvester and Lena, although essential to respondent's case, is but incidental to the main purpose and object of respondent's petition—a decree entitling respondent to share as a sister in the estate of Bessie H. Griffiths, deceased, and operating against the property of her estate and those entitled under our laws of descent and distribution to share therein. Assuming then, expressly without so holding, that respondent's adoption by Sylvester and Lena Hawkins was established by competent evidence, the issue still remains whether respondent is entitled to share in the estate of Bessie H. Griffiths, deceased, as her sister.

█ We think our course charted by the case of McIntyre v. Hardesty (Div. II, 1941), 347 Mo. 805, 149 S. W. (2d) 334. That case called for a consideration of certain provisions of our law (the essential provisions involved being quoted infra) relating to the adoption of children prior and subsequent to the effective date of the changes therein made by the Act of 1917. The prior law provided for the adoption of children by deed, executed and acknowledged by the adopting parent or parents and recorded (Sec. 1671, R. S. 1909, Sec. 5246, R. S. 1899), and with respect to the rights of the adopted child:

"From the time of filing the deed with the recorder, the child or children adopted shall have the same right against the person or persons executing the same, for support and maintenance and for proper and humane treatment, as a child has, by law, against lawful parents; and such adopted child shall have, in all respects, and enjoy all such rights and privileges as against the persons executing the deed of adoption. This provision shall not extend to other parties, but is wholly confined to parties executing the deed of adoption." [Sec. 1673, R. S. 1909; Sec. 5248, R. S. 1899.] Effective June 18, 1917, our General Assembly provided for the adoption of children by reputable persons upon petition to the juvenile division of the circuit court (Sec. 9608, R. S. 1939, Mo. St. Ann., p. 822, Sec. 14073; Laws 1917, p. 193, Sec. 1671), and with respect to the rights of the adopted child:

"When a child is adopted in accordance with the provisions of this article, all legal relationship, and all rights and duties, between such child and its natural parents, shall cease and determine. Said child shall thereafter be deemed and held to be for every purpose, the child of its parent or parents by adoption, as fully as though born to them in lawful wedlock. . . ." [Sec. 9614, R. S. 1939, Mo. St. Ann., p. 826, Sec. 14079; Laws 1917, p. 194, Sec. 1677.] In McIntyre v. Hardesty, Albert Wm. McIntyre (born Howard Henry) sought to be decreed the adopted son of Bert L. McIntyre by virtue of a deed of adoption signed and acknowledged by Bert L. McIntyre on March 20, 1917, but never recorded as required by the then law, and entitled to share in the estate of Tabitha T. Cunningham, the grandmother of Bert L. McIntyre, as a great-grandson of Tabitha T. Cunningham, contending, not being mentioned in said Tabitha's will, he was a pretermitted heir. Bert L. McIntyre died in 1921. Mrs. Cunningham died in 1933. In considering that Albert Wm. McIntyre was the adopted son of Bert L. McIntyre and entitled to inherit from him but was not an heir and was not entitled to inherit from Bert L. McIntyre's grandmother, we held, so far as essential to this review, said plaintiff's adoption occurring prior to the 1917 Act, that the Missouri General Assembly intended the Act of 1917, "to apply altogether prospectively . . ." (l. c. 337[2]).

St. Louis Union Trust Co. v. Hill (Banc, 1934), 336 Mo. 17, 76 S. W. (2d) 685, had before it for construction the will, executed April 4, 1918, of a testator dying September 5, 1918, and the rights of parties adopted in 1929, in conformity with the Act of 1917, by said testator's son to take under said father's will as remaindermen of said son. The court in upholding the contention of said adopted children observed that the Legislature had radically changed the rights of adopted children from that which existed prior to 1917 (l. c. 25 and 688, respectively); remarking: "The Legislature had a right to and did in strong and emphatic language change the blood stream of an adopted child. . . . In other words, the adopted child is taken out of the blood stream of its natural parents and placed, by the operation of law, in the blood stream of its adopting parents, if adopted under the provisions of our present statutes" (l. c. 25 and 689, respectively). The instant respondent seeks the application of this ruling. However, said opinion also used the following language: "*As to whether the appellants* [the adopted children] *were his* [the son's] *heirs at law* at the time of his death *depends upon* the statutes of descent and distribution in force and effect at the time of his death, *and the statutes on adoption* that were *in force at the time the appellants were adopted* by Frank W. Hill, Jr. [the son]" (l. c. 23 and 687, respectively). (Italics ours.)

 Our cases hold, in harmony with the statute, that a child adopted under the law prior to the Act of 1917, while entitled to in-

herit from his adopting parent, is not an heir of the adopter's kindred: Hockaday v. Lynn, 200 Mo. 456, 467, 468, 98 S. W. 585, 587, 588, 118 Am. St. Rep. 672, 8 L. R. A. (N. S.) 117, 9 Ann. Cas. 775; Melek v. Curators, Univ. of Mo., 213 Mo. App. 572, 575, 250 S. W. 614, 615[2]. Hockaday v. Lynn, states: ". . . consanguinity is so fundamental in statutes of descents and distributions that it may only be ignored by construction when courts are forced so to do, either by the terms of expressed statute or by inexorable implication."

Notwithstanding respondent's contention contra, we think McIntyre v. Hardesty good law. That the Act of 1917 was intended to apply prospectively is to be gathered from a reading of its different provisions and the Act as a whole. The words of said Sec. 9614, viz.: "When a child is adopted in accordance with the provisions of this article . . . Said child shall thereafter be deemed and held to be . . ." are words designed to operate in the future, subsequent to the effective date of the Act and upon adoptions thereunder. We are directed to no provision attempting to make the Act applicable to adoptions under the prior law. Consult the reasoning in Leeper v. Leeper (Mo. Div. I, 1941), 147 S. W. (2d) 660; Wyeth v. Merchant, 34 Fed. Supp. 785, affirmed in 120 Fed. (2d) 242. Annotations, 38 A. L. R. 8; 120 A. L. R. 837.

Respondent directs our attention to the closing provisions of Sec. 645, R. S. 1939, Mo. St. Ann., p. 4894, Sec. 645 (see Laws 1917, p. 324), providing that no act of the general assembly shall be "limited in its scope or effect by the courts of this state, for the reason that the same may be in derogation of, or in conflict with, such common law . . .; but all such acts of the general assembly, or laws, shall be liberally construed, so as to effectuate the true intent and meaning thereof." The language employed in the law relating to the adoption of children as it existed prior and subsequent to 1917 in so far as involved on this review is, we think, plain and unambiguous, and we are not called upon to resort to rules for the construction of statutes. State v. Hallenberg-Wagner Motor Co., 341 Mo. 771, 774[1], 108 S. W. (2d) 398, 400[1].

Respondent asserts she established her adoption by Sylvester and Lena Hawkins under the doctrine of equitable estoppel. The basic reasoning underlying observations that adopting parents (and others to the extent they claim under them) are estopped in equity from denying the reciprocal obligations springing from the relation is that it would be inequitable and unfair to permit a repudiation of the status of parent and child on account of a failure to comply with statutory formalities and permit guilty persons to profit by their own wrong after the child had performed everything—such as bestowing love, affection, companionship, comfort and service—contemplated by such relationship at an age when the child had no will or choice of its own in the matter. Drake v. Drake, 328 Mo.

966, 973, 43 S. W. (2d) 556, 559[3]; Holloway v. Jones (Mo.), 246 S. W. 587, 590[4]; Thompson v. Moseley, 344 Mo. 240, 245, 125 S. W. (2d) 860, 862[4]. This reasoning is not applicable to the natural-born children of the adopting parents, who are not parties to the contract of adoption and exercise no will or choice of their own in the matter, in so far as their separate estates are concerned. She argues that since Lena Hawkins died in 1918, and Sylvester Hawkins died in 1924, and Bessie Griffiths died in 1938, all subsequent to 1917, and she remained in the home subsequent to 1917, her status was not an accomplished fact on any particular date, especially prior to the effective date of the Act of 1917. (Under this theory what was respondent's status in the Hawkins home? Consult the warning of WESTHUES, C., in Furman v. St. Louis Union Trust Co., 338 Mo. 884, 896, 92 S. W. (2d) 726, 732[2].) Throughout our statutes on adoption of children, subsequent as well as prior to 1917, an intent and consent, expressed or implied, to adopt on the part of the adopting parent or parents is essential. Respondent's mother died in 1899; her father, in 1900. In 1914 at the age of 17 she married Fred Seymour. If sufficient therefor, her evidence established that Lena and Sylvester Hawkins "had adopted" her long prior to her marriage of 1914. The record does not sustain respondent's contention.

■ Respondent contends that the right to take property by descent is not a natural right but a statutory right and subject to change at any time before the death of the owner; that rights of inheritance flow from the legal status of the persons, and that once this status has been established, the law supplies the rule of descent to be applied at the death of the intestate. Respondent's status as an adopted child was established, if established, under the law in effect prior to said Act of 1917. Under that law, as has been pointed out, "the door of inheritance is shut and its bolt shot at that precise point" where the adopted child receives its full inheritance from the adopting parent. Our statutes covering adoption fix the status of the adopted child. It is a civil or contractual—an artificial—as contradistinguished from a natural status. To that status the adopting parent or parents consent by the act of adoption. One might adopt a child under laws conferring certain rights upon the child but withhold the requisite consent if the law confer different or additional rights on the child. Would not a statutory change conferring upon the child rights against the adopting parent's kindred at least require a new consent on the part of the adopter to be legally binding? We think so.

■ There is no merit in the contention that McIntyre v. Hardesty, supra, is to be distinguished from the instant case by reason of the fact respondent was the daughter of Anna Hurd Callaway, a sister of Lena Hawkins, and not a stranger to the blood. Respondent points to no provision in our statutes relating to the adoption of children making any distinction between adopted children not strangers to the adopting parent's blood and children who are strangers to the blood.

Respondent says John T. Griffiths, appellant, is claiming through Lena and Sylvester Hawkins and is estopped to deny that the statutory formalities were not complied with. Respondent's petition proceeds upon the theory that she is entitled to share in the property of the estate of Bessie H. Griffiths, deceased, as a sister of said deceased, and not upon the theory that the estate of Lena Hawkins or Sylvester Hawkins is involved. We have assumed respondent's adoption for the purposes of this review.

Respondent contends McIntyre v. Hardesty, supra, is in conflict with Drake v. Drake (Banc, 1931), 328 Mo. 966, 43 S. W. (2d) 556, and Shepherd v. Murphy, 332 Mo. 1176, 61 S. W. (2d) 746. The Drake case is to the effect that courts of equity may decree an adoption although the formalities of the Act of 1917 be not complied with, and involved only the right of the adopted child to share in the estate of the adopting parent. The Sheperd case involved an adoption of 1929, complying with all the formalities of the 1917 Act, and upon the death of the adopted child, the right of the natural mother to inherit from the child. In neither ▮ case did the court have occasion to nor did it discuss the issues involved in the McIntyre case. Consult State ex rel. v. Higbee, 328 Mo. 1066, 1078, 43 S. W. (2d) 825, 831[11]; State ex rel. v. St. Louis, 241 Mo. 231, 238(I), 145 S. W. 801, 803(I).

Accordingly, the judgment is reversed and the cause remanded with directions to deny the relief asked in respondent's petition.

*Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.