LUCILLE M. RUMANS, By GERTRUDE JACKSON, Guardian of the Person and Estate of LUCILLE M. RUMANS, and ROBERT L. DAVIS, Respondents, v. ISABELLA LIGHTHIZER, Administratrix of the Estate of CRYSTAL McQUERRY, Deceased, ISABELLA LIGHTHIZER, Administratrix of the Estate of VIOLETTA FULLER, Deceased, JOHN McQUERRY, RUBY MARQUIS and ISABELLA LIGHTHIZER, Appellants, No. 42646—249 S. W. (2d) 397.

Division Two, June 9, 1952.

*J. Frank Flynn* and *Terrance W. Imes* for appellants.

*Arnold N. Shanberg* and *James L. Gillham* for respondents.

BOHLING, C.—This case involves the title to certain described real estate in Kansas City, Jackson County, Missouri, passing to an adopted child upon the death of the surviving adopting parent.

It is a contest between the blood kin of the adopted child and the blood kin of the surviving adoptive parent in the circumstances hereinafter set forth, said child and said parent each dying intestate. Lucille M. Rumans, an incompetent person, by Gertrude Jackson, her guardian, and Robert L. Davis, sister and brother of the full blood and sole surviving blood heirs of Crystal McQuerry, deceased, the adopted child, instituted the action for a declaratory judgment against Isabella Lighthizer, Administratrix of the Estate of Crystal McQuerry, deceased, Violetta Fuller, John McQuerry, Ruby Marquis and Isabella Lighthizer, who, with the exception of Ruby Marquis, who is the daughter of a deceased brother, are the sisters and brother of Martha Gearhart, the surviving adoptive parent of Crystal McQuerry. Defendants, as the sole surviving heirs of Martha Gearhart claim under Laws 1943, p. 353, § 9616a (§ 453.150, RSMo 1949), to be the heirs of Crystal McQuerry by reason of her adoption by said Martha. The trial court found that Crystal had never been legally adopted by the adoptive parents but was in equity and by estoppel the adopted child of Frank Gearhart and Martha Gearhart as of July 9, 1912, that Laws 1943, p. 353, § 9616a, was inapplicable, and that plaintiffs were the sole heirs of Crystal McQuerry and as such entitled to her estate. The title to the real estate involved was determined accordingly. Defendants appeal.

The case was submitted on an agreed statement of facts, and the following facts, except as otherwise specifically stated, are taken therefrom.

On July 9, 1912, Frank Gearhart and Martha Gearhart, husband and wife, residents of Jackson County, Missouri, executed a deed of adoption of Crystal Abbott; and Grace Abbott, a widow, single and unmarried, also of Jackson County, Missouri, the mother of Crystal, joined in executing said deed of adoption.

After July 9, 1912, Crystal lived with Frank and Martha Gearhart until the death of Frank Gearhart, who died intestate on February 18, 1918, and thereafter with Martha Gearhart until Martha Gearhart died intestate on November 2, 1943.

Crystal married one James McQuerry, who died in 1946, leaving Crystal surviving. They had no children.

Defendants' answer and cross petition alleged that said deed of adoption was filed of record in the office of the Recorder of Deeds of Jackson County, Missouri, "on April 23, 1918"; that the statutes providing for the adoption of children by deed had been repealed on July 1, 1917, and "the record of the said instrument was ineffective to create a legal adoption; that Crystal McQuerry was never legally adopted by Martha Gearhart"; and the statement of facts also states that said deed was filed as aforesaid on April 23, 1918.

On December 23, 1943, Crystal McQuerry filed application for Letters of Administration on the estate of Martha Gearhart, deceased, claiming all the property of said decedent as her adopted daughter and sole heir, and administered said estate. The real estate involved in the instant case was inventoried among the assets of the estate of Martha Gearhart, deceased, and Crystal McQuerry took possession thereof and claimed it as the adopted daughter and sole heir of Martha Gearhart, deceased. The defendants knew of all this and instituted no proceeding questioning the claim of Crystal McQuerry.

Crystal McQuerry died on December 18, 1948, intestate, leaving no child or children, nor any parents, natural or adopted, nor any spouse, and the real estate aforesaid was inventoried among the assets of the estate of Crystal McQuerry, deceased. Upon waiver by the other defendants herein, Isabella Lighthizer, claiming kinship as adoptive aunt, was appointed administratrix of the estate of Crystal McQuerry, deceased, and said estate is pending settlement in the Probate Court of Jackson County, Missouri.

The law in effect for the adoption of children in 1912 was §§ 1671-1678, Ch. 20, Art. 1, R. S. 1909. It provided for the adoption of children by means of a deed executed, acknowledged and recorded in the same manner as a deed of real estate by the adopter. § 1671, supra. A legal adoption under this law was not accomplished until the filing of the deed of adoption "with the recorder." §§ 1673, 1671, R. S. 1909. The instant deed of adoption was filed with the Recorder of Deeds on April 23, 1918, after the repeal in 1917 of the law authorizing the adoption of children by deed; and, as pleaded by defendants, Crystal McQuerry was not legally adopted by Martha Gearhart. Ahern v. Matthews, 337 Mo. 362, 85 S. W. 2d 377, 384[8]; McIntyre v. Hardesty, 347 Mo. 805, 149 S. W. 2d 334, 335.

Under the laws applying to the adoption of children by deed and to descent and distribution, the adopted child became the heir of the adoptive parent or parents. Moran v. Stewart, 122 Mo. 295, 299, 26 S. W. 962, 963; same case, 173 Mo. 207, 217, 73 S. W. 177, 180; Crawford v. Arends, 351 Mo. 1100, 1106, 176 S. W. 2d 1, 5[7]. This right of the child to inherit was confined to the parties executing the deed of adoption and did not extend to property of the kin of its adoptive parents. Hockaday v. Lynn, 200 Mo. 456, 472, 98 S. W. 585, 588, 8 L. R. A., N. S., 117, 118 Am. St. R. 672, 9 Ann. Cas. 775; McIntyre v. Hardesty, 347 Mo. 805, 149 S. W. 2d 334, 337[2,3]; Weber v. Griffiths, 349 Mo. 145, 159 S. W. 2d 670, 673[3]. The adopted child inherited from its adoptive parents and from its natural parents. Clarkson v. Hatton, 143 Mo. 47, 55, 44 S. W. 761, 762, 39 L. R. A. 748, 65 Am. St. R. 635. The property of an adopted child dying intestate passed to its blood heirs, its adoptive parents and their kin not being heirs of the adopted child. Reinders v. Koppelmann, 68 Mo. 482, 494-500; Shepherd v. Murphy, 332 Mo. 1176,

130

1180[3], 61 S. W. 2d 746, 748; Crawford v. Arends, 351 Mo. 1100, 1107, 176 S. W. 2d 1, 5; Lasswell v. McFarland, 219 Mo. App. 665, 671, 284 S. W. 843, 844[1].

■ The law providing for the adoption of children by a decree of the proper juvenile court and repealing the prior law for their adoption by deed was enacted in 1917. Laws 1917, pp. 193-195; see §§453.010-453.170, RSMo 1949. The 1917 Act differed materially from the prior law, and § 1677, Laws 1917, p. 194, provided:

"When a child is adopted in accordance with the provisions of this article, [400] all legal relationship, and all rights and duties, between such child and its natural parents shall cease and determine. Said child shall thereafter be deemed and held to be for every purpose, the child of its parent or parents by adoption, as fully as though born to them in lawful wedlock. Said child * * * shall be capable of inheriting from, and as the child of said parents as fully as though born to them in lawful wedlock. Said parent or parents by adoption * * * shall be capable of inheriting from, and as the parents of, said adopted child as fully as though the child had been born to them in lawful wedlock. * * *"

In St. Louis Union Trust Co. v. Hill, 336 Mo. 17, 25, 76 S. W. 2d 685, 689, we said of this change in the law: "* * * Under our present statutes an adopted child's relations with its natural parents cease; and by law it becomes the child of its adopting parents *for every purpose* as fully as though born to the adopting parents in lawful wedlock. In other words, the adopted child is taken out of the blood stream of its natural parents and placed, by the operation of law, in the blood stream of its adopting parents, if adopted under the provisions of our present statutes." Robertson v. Cornett, 359 Mo. 1156, 225 S. W. 2d 780, 785[8-10].

■ Defendants stress the change effected in the law of adoption by Laws 1943, p. 353, adding § 9616a to Art. 1 of Ch. 56, R. S. 1939 (now § 453.150, RSMo 1949). They argue the adoptive parents or their heirs now inherit from a child adopted under a deed of adoption. We quote § 9616a:

"Any person adopted by deed of adoption or agreement of adoption in writing prior to 1917 and wherein said instrument was filed for record prior to July 1, 1917, shall hereafter be deemed and held to be for every purpose the child of its parent or parents by adoption as fully as though born to them in lawful wedlock, and such adoption shall have the same force and effect as an adoption under the provisions of this chapter, including all inheritance rights."

Many cases state that our adoption statutes are to be strictly construed and their provisions complied with to effect a legal adoption. Sarazin v. Union R. Co., 153 Mo. 479, 485, 55 S. W. 92, 94; Menees v. Cowgill, 359 Mo. 697, 223 S. W. 2d 412, 417[6]. We read in Hockaday v. Lynn, 200 Mo. 456, 464, 98 S. W. 585, 586, 118 Am. St.

R. 672: "* * * statutes of adoption have always been more or less strictly construed as against the adopted child. * * * Strict construction, however, is not extended to the act of adoption itself. That is liberally construed in favor of the child adopted."

Section 9616a, supra, from its wording, applies to deeds of adoption "wherein said instrument was filed for record prior to July 1, 1917." The legislative intent appears to be to place children legally adopted prior to 1917 on a parity with children adopted under the Act of 1917 and thereafter. The words of § 9616a do not embrace an equitable adoption or an adoption by deed when the deed is filed for record after July 1, 1917. The deed of adoption in the instant case was not filed until April 23, 1918, and the provisions of § 9616a in so far as they affect inheritance from the adopted child are not in terms applicable to a deed of adoption filed for record after July 1, 1917.

■ Defendants also state there was no legal adoption of Crystal McQuerry and, since plaintiffs contended and the court decreed that she was in equity and by estoppel the adopted child of Martha Gearhart, plaintiffs may not say that the deed of adoption was filed for record after July 1, 1917.

Equity acts to protect the child. A deed of adoption or writing is not essential to a decree of equitable adoption. Taylor v. Coberly, 327 Mo. 940, 38 S. W. 2d 1055, 1060 [3]; Ahern v. Matthews, 337 Mo. 362, 85 S. W. 2d 377, 383 [4]. The basis of the doctrine of equitable adoption "has been recognized to be that it is so inequitable and unjust to allow one to fail to comply with an agreement made with the parent or custodian of a child to adopt it, when he has taken the child at such an age that it had no will or choice of its own in the matter, that, after the child has performed everything [401] contemplated by the relation provided for, the intended adoptive parent or his heirs will be estopped to deny an adoption." Thompson v. Moseley, 344 Mo. 240, 125 S. W. 2d 860, 862, which case refused to extend the doctrine of equitable adoption to one who was an adult at the time the oral contract to adopt was made.

An equitable adoption functions to enforce the rights of the child under the agreement to adopt. The child is not chargeable with the adoptive parent's failure to record the deed, and the enforcement in equity of the agreement to adopt should not confer additional rights upon the adoptive parent. The right of inheritance from the child is a different right from that of the child to enforce the agreement to adopt. That a legal or statutory adoption, binding on all persons in accord with the statutory provisions, differs from an equitable adoption, which is based upon contract for the protection of the child and binding on the parties or those in privity with them, is the effect of Menees v. Cowgill, 359 Mo. 697, 223 S. W. 2d 412, 418, a case reaching this court upon transfer from the Kansas City Court of Appeals (Mo. App., 214 S. W. 2d 561, 571). In that case plaintiff

sought a decree of equitable adoption, alleging she had been adopted by Guy M. Cowgill and Lillian Cowgill as of May 17, 1920; that is, after the effective date of the adoption act of 1917. The Court of Appeals considered the evidence was conclusive that the Cowgills orally agreed to adopt plaintiff (214 S. W. 2d l.c. 562). Mr. Cowgill died in 1936. His sister, Clara Cowgill Cochrane, died in 1944, intestate as to certain property. Plaintiff joined as defendants the collateral relatives of Mrs. Cochrane, who also claimed the property. We considered that plaintiff, among other things, was entitled to a determination whether she was an adopted daughter of Guy M. Cowgill (223 S. W. 2d, l.c. 413[1]); and held that she was entitled to affirmative relief against Lillian Cowgill; but, as between plaintiff and all the defendants, plaintiff was not the adopted daughter of Guy M. Cowgill and had no rights or status as such (Id., 418).

The adopted child's mother joined in the instant deed of adoption; and therein the adoptive parents agreed that the child was to inherit from them the same as a natural child, and the mother, consenting thereto, released her rights to the care, custody and control over the child, following the provisions of § 1677, R. S. 1909, but did not release other rights. We think the date of the filing of the deed of adoption is available to plaintiffs on this phase of the case.

The instant issue differs from that under consideration in Weber v. Griffiths, 349 Mo. 145, 159 S. W. 2d 670, 674[11], wherein the plaintiff sought to establish an equitable adoption under the law prior to 1917 and to share in the property of a natural daughter of the adoptive parents as her sister, and other similar cases. We have ruled the provisions of § 9616a, Laws 1943, p. 353, are inapplicable under the instant facts. This disposes of the issue contra to defendants' contention; and it is not necessary to discuss or rule the constitutionality of said section. Consult State v. Rector, 328 Mo. 669, 678, 40 S. W. 2d 639, 643[7]; 16 C. J. S. 213, § 94; 11 Am. Jur. 723, § 94.

The trial court reached the correct result. The judgment is affirmed. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by *Bohling, C.,* is adopted as the opinion of the court. All the judges concur.