Marvalena HALTERMAN, Appellant,

v.

Jackie HALTERMAN, Arthur A. Clubine, Farmers Insurance Company, Inc., State Farm Insurance Company, and Joyce M. Snider, Respondents.

No. WD 47531.

Missouri Court of Appeals, Western District.

Oct. 19, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 30, 1993.

Application to Transfer Denied Jan. 25, 1994.

George Lehnen, III, Hill and Lehnen, Richmond, for appellant.

David H. Johnson, Kansas City, for respondents.

Before TURNAGE, C.J., and SMART and ELLIS, JJ.

TURNAGE, Chief Judge.

Jackie Halterman filed a wrongful death action for the death of his daughter, Jodi.[1] Jackie's former wife, Marvalena, filed a motion to intervene on the ground that she was the mother of Jodi by an equitable adoption. The court denied the motion to intervene and Marvalena has appealed.[2] Affirmed.

Marvalena in her motion to intervene alleged that Jodi was born in April 1983 to Belinda Dove and Jackie Halterman. At the time of Jodi's birth, Jackie was married to Marvalena.

Marvalena alleged that Jodi was taken from the hospital by Jackie and Marvalena. Marvalena further alleged that Jackie and Marvalena separated in 1985 and after that time Jodi lived with Marvalena for about a year and thereafter spent time with Marvalena on weekends and during summer vacations. Marvalena made other allegations designed to show that she had become the mother of Jodi through equitable adoption.

Jackie contends that Marvalena is not entitled to an opportunity to establish that she

---

1. Arthur Clubine was the driver of the automobile which collided with an automobile driven by Joyce Halterman in which Jodi was riding as a passenger. Farmers Insurance Company and State Farm Insurance Company were joined in the wrongful death action. On this appeal the only party appearing as respondent is Jackie Halterman.

2. The court designated the judgment under Rule 74.01(b) as final for purposes of appeal.

became the mother of Jodi through equitable adoption because that doctrine is solely for the benefit of a child. Because Jackie's contention is correct, it is not necessary to examine the allegations of Marvalena's motion to determine if she adequately plead facts to state a cause of action.[3]

Equitable adoption has long been a part of the case law of this state. *Lynn v. Hockaday*, 162 Mo. 111, 61 S.W. 885 (1901). In *Drake v. Drake*, 328 Mo. 966, 43 S.W.2d 556 (banc 1931), the court stated that the early statutory method for adoption was by the execution of a deed. *Id.*, 43 S.W.2d at 558[1]. The court stated that equitable adoption was developed because the court was not willing to allow the failure of a party to properly execute and record a deed to work an irreparable harm on the child. *Id.*

The court stated that the statutory method of adoption by deed had been replaced by a statutory method through the juvenile division of the circuit court. *Id.* at 559[2]. The court stated that it had been held under the former method of adoption that even though the statute provided for a procedure for adoption, that "did not preclude a court of equity, in a proper case, from decreeing specific performance of an oral contract to adopt...." The court held that likewise the passage of the statutory method for adoption through the juvenile division of the circuit court did not prevent a court of equity from finding an equitable adoption. *Id.* The court further stated that neither statutory method of adoption:

> [C]ontains a prohibition against a court of equity taking the necessary steps to protect the interest of a child in a case where one has expressly agreed to adopt the child, or by his acts and conduct has placed himself in a position where it would be inequitable to permit him to assert that the child was not adopted.

*Id.* The court explained its reason for holding that equitable adoption is still available as follows: "We reach this conclusion by construing the statutes of adoption in a light most favorable to the child." (Citing RSMo

1929 now § 453.005, RSMo 1986.) *Id.* at 559[3].

The court further held that if one took a child into his home under circumstances which would show an equitable adoption, it would be inequitable and unfair to permit the kindred of that person after the person's death to deny the child any inheritance because the deceased had violated the law by failing to adopt the child pursuant to the statutory method. The court held that to so hold would allow guilty parties to take advantage of their own wrong. *Id.*

It is clear from *Drake* that equitable adoption was developed solely to benefit the child. This primary purpose of equitable adoption is further illustrated in *Rumans v. Lighthizer*, 249 S.W.2d 397 (Mo.1952), where the court held that equitable adoption could not be utilized to establish heirship for the purpose of inheriting from a child who was alleged to have been equitably adopted. The court stated an equitable "adoption functions to enforce the rights of the child under the agreement to adopt." *Id.* at 401[6].

No case has been cited and none has been located in which a person has been allowed to establish an equitable adoption to benefit an alleged adoptive parent. As illustrated in *Drake* the reason for the doctrine of equitable adoption is solely for the benefit of the child. This is reinforced by the holding in *Rumans*.

In this case Marvalena does not seek to establish an equitable adoption for the benefit of Jodi, but rather for her own benefit. Because the doctrine of equitable adoption was developed only to benefit the child, Marvalena will not be allowed to proceed on her petition to seek to establish that she became the mother of Jodi through an equitable adoption.

The judgment is affirmed.

All concur.

---

3. Marvalena sought to establish her status as the mother of Jodi and to state a cause of action for the wrongful death of Jodi in the same proceeding. The parties have not raised any question concerning this procedural aspect, and because of the deposition of this appeal it is not necessary to notice that question.