G. E. PALFREY, ET AL., RESPONDENTS, v. JAMES W. KILLIAN, ET AL., APPELLANTS.*—27 S. W. (2d) 462.

St. Louis Court of Appeals. Opinion filed May 6, 1930.

*Corpus Juris-Cyc. References: Deeds, 18CJ, section 449, p. 385, n. 99; section 450, p. 388, n. 21; Equity, 21CJ, section 218, p. 221, n. 22; Injunctions, 32CJ, section 53, p. 70, n. 47; section 316, p. 204, n. 44; section 581, p. 350, n. 77.

*Clarence G. Baxter* and *A. G. Schumacher* for appellants.

*Campbell Cummings* for respondents.

NIPPER, J.—Plaintiffs, as property owners, brought this suit to restrain defendants, who are appellants here, from maintaining and using a residence at 7439 Olive street road, St. Louis county, Missouri, as a cat and dog hospital, for the treatment of cats and dogs.

This residence is located in a subdivision known as the W. L. Musick subdivision, a part of University City.

It is unnecessary to refer in detail to the pleadings. The petition alleges, and the evidence discloses, that defendant James W. Killian is the owner of the lot on which this residence is located, and that defendants are in the business of conducting a cat and dog hospital on said lot and premises. Plaintiffs are lot owners in said subdivision, and have built, and are occupying, residences therein. The petition asks for a decree permanently · enjoining and restraining defendants from using said lots owned by them except subject to said restrictions for homes of one family only in conformity with the restrictions of record for the period to September 15, 1940.

The answer admits that James W. Killian began the erection of a building on said lots in April, 1925, and was engaged in erecting said building for a period of about eighteen months; that during that time plaintiffs well knew that he intended to use said building as a residence and veterinary surgeon's office; that on September 30, 1926, defendant F. O. Killian moved into said building, and occupied the same with his family as a residence and veterinary surgeon's office; that since the 30th day of September, 1927, plaintiffs have been fully aware that said defendant F. O. Killian was so using said premises as a veterinary surgeon's office and residence; that by reason of these facts, plaintiffs, and each of them, have waived any and all rights they may have had to the aid of a court of equity, and they are estopped from asserting any such rights.

Plaintiffs introduced a deed known as the Jack deed, dated September 26, 1910, and filed for record on October 11, 1910. This deed conveyed all of the Musick subdivision. That part of the restrictions in the deed, which is in issue here, provides that on certain lots, including the one in question, only one building shall be erected, and such building shall never, so long as these restrictions remain in force, be used or occupied for any purpose except that of a private residence, nor shall any of said lots or any part thereof ever be used or occupied for a trade or business of any kind whatever, "except that a physician or dentist occupying a residence thereon may have and maintain his office therein," . . . It is provided that these restrictions shall be in effect for a period of thirty years from the 15th day of September, 1910. This suit was filed on the 23rd day of December, 1927.

The evidence discloses that defendants had conducted such a business in this place for a year or more before suit was filed. Certain witnesses testified that they saw an ambulance, at different times, with an advertisement thereon, standing in front of this residence, and that people were seen taking dogs there at different times, and dogs were seen upon the premises. One witness testified that on one

occasion, he accompanied a young lady to this house. She was boarding a dog, and had a dog there for treatment. At the time he went there with her, she had the dog killed, and paid for a week's board of the dog. This was the only time he had ever been on the premises. He testified that the doctor gave her a receipted statement for the board of the dog and the killing and removal of the same from the premises. Another witness testified that he visited the premises, and was in the office; that Dr. Killian showed him what he called the operating room, which contained a big table and a case where instruments were kept. Another witness testified that the doctor told him on one occasion that he was going to conduct such a business on these premises, because he was a physician within the meaning of these restrictions, and that they were the worst restrictions he had ever heard of. The evidence further discloses that the Bell Telephone Directory contained an advertisement of the defendants in the issues of March, July, and December, of 1927, classified under "Veterinary Surgeons." They were all similar in character, the one appearing in December, 1927, is as follows:

"Drs. Killian & Killian
"Small Animal Specialists
"Dog and Cat Hospital
"Ambulance Service
"Boarding       Conditioning
"Office
"7439 Olive Blvd.   Cabany 7065
"Branch
"734 Big Bend Blvd.   Webster 2852.
"F. O. Killian, D. V. M., G. R. Killian, D. V. M."

The court granted the relief prayed for by enjoining the defendants from using said premises in the manner in which they had been used, and they have appealed.

It may be well to add that directly in front of these premises was a large sign about four by five feet, advertising the defendants' business as specialists in the treatment of cats and dogs.

It appears that this subdivision was laid out, and lots were sold, with the general scheme and idea of providing and creating a residential district. We appreciate the rule that restrictions on the use of land are contrary to the recognized public policy of the country, and are not favored in law, yet they will be upheld, where the intention of the parties is clear in their creation, and an owner of land may impose any restrictions not prohibited by public policy. All doubt raised by the words employed in the restrictive covenant must be resolved against the grantor. This court, in Semple v. Schwarz, 130 Mo. App. 65, 109 S. W. 633, held that where a building restriction provided that the lot could not be used or occupied for

trade or business of any kind, such restriction was violated by a physician who built a house on a lot, set apart a room as an office for receiving patients, provided certain hours of the day when they could call upon him, and displayed his professional sign upon the door. We also held that such physician should not be prohibited from advertising his residence in the telephone book, nor from receiving patients when they came to see him, nor from setting apart a room in which to receive them. The restrictions, however, prevented him from maintaining an office and advertising in any way that he would receive patients there. The exceptions in the restriction covenanted in this deed permitted a physician or dentist, occupying such residence thereon, to maintain his office therein, but we do not think that such provision can be extended to include a veterinarian who specializes in the treatment of cats and dogs and conducts a hospital and rendezvous for such diseased animals. The defendants offered no evidence to deny or contradict any of the evidence offered by the plaintiffs, and the evidence adduced on the part of plaintiffs is amply sufficient to warrant the holding that defendants have violated the restrictions in their deed.

Defendants contend that plaintiffs are barred by laches, because of the length of time they waited to institute these proceedings. The evidence discloses that they were investigating, and making inquiries to determine whether or not defendants were actually conducting such a business on these premises. After ascertaining positively that such was being done, they had to raise the money to employ attorneys to represent them, and under these circumstances, they should not be barred from maintaining this action on the ground of laches. A complainant seeking equitable relief of this character must act promptly upon discovery of the ground for complaint, but laches is not like the statute of limitations where a definite and fixed time is set, and whether there is an undue delay in asserting one's rights, such as to constitute laches, depends on whether such delay was reasonable under the circumstances of the particular case.

Plaintiffs should not be barred under the facts as disclosed by this record. The judgment is for the right party, and should be, and is, affirmed. *Haid, P. J.,* and *Becker, J.,* concur.