VIVIAN COWGILL MENEES, Appellant, v. LILLIAN COWGILL ET AL., Respondents, No. 41282—223 S. W. (2d) 412.

Division One, September 12, 1949.

Motion for Rehearing or to Transfer to Banc Overruled, October 10, 1949.

*Paul W. Richards* and *Elmer E. Hall* for appellant.

698

699

*Trusty & Pugh* and *Chas. H. Mayer* for all answering respondents.

700

DALTON, C.—This is an action in equity for a decree of equitable adoption and a declaration of rights under the Declaratory Judgment Act, Art. 14, Chap. 6, R. S. 1939. Plaintiff seeks a decree, binding on each and all of the defendants, declaring her to be the lawfully adopted child of Guy M. Cowgill and Lillian Cowgill, as of May 17, 1920, and establishing that plaintiff is the legal heir of Guy M. Cowgill, deceased. After answers and replies were filed, the cause was disposed of on plaintiff's motion for judgment on the pleadings.

The court found that the Cowgills had in 1920 entered into an agreement to adopt the plaintiff and held that, although the Cowgills had

made no attempt to adopt plaintiff, the agreement was binding upon them and they were estopped to deny the adoption. The court further found that plaintiff, not having been lawfully adopted by the Cowgills, had no rights or claim against the estate of Guy M. Cowgill's deceased sister or any of the defendants except Lillian Cowgill.

Plaintiff deemed the judgment to be inadequate and erroneous and took her appeal to the Kansas City Court of Appeals. That court adopted an opinion reversing the judgment and remanding the cause "with directions to the trial court to enter judgment against Lillian Cowgill, as prayed, and to dismiss the petition as to all other defendants," but the court transferred the cause to this court on the dissent of one of the judges. Menees v. Cowgill (Mo. App.), 214 S. W. (2d) 561, 571. We shall review the record and determine the cause as if it had come on original appeal. Sec. 10, Art. V. Constitution of Mo. 1945.

The facts are fully stated in the opinion of Cave, P. J. and will not be repeated here. See Menees v. Cowgill, supra. We are in agreement with that opinion, except that we construe the petition as seeking both a decree of equitable adoption and a declaratory judgment as to appellant's status, and hold that a declaratory judgment, rather than a dismissal, should have been entered. While we have reached the conclusion that appellant is entitled to no affirmative equitable relief against any of the respondents except Lillian Cowgill, appellant's status, as or as not the adopted daughter of Guy M. Cowgill, should have been determined against all of the respondents. Regardless of what her status is, appellant is entitled to have a declaration thereof under the Declaratory Judgment Act and we construe the Act in agreement with the opinion of Dew, J. (214 S. W. (2d) 561, 567).

Appellant says that her "motion for judgment on the pleadings should have been sustained and judgment should have gone for her declaring her status to be that of an adopted child since the year 1920 of Guy M. Cowgill, deceased, and the defendant, Lillian Cowgill"; and that the court should have declared that the judgment establishing such status was binding on all of the defendants. Appellant insists that the judgment entered by the trial court was "not responsive to the pleadings and evidence" and was erroneous in that "the court had no jurisdiction, right or authority to attempt to determine the interests of the parties in and to the real and personal property located and being administered upon in the State of Iowa."

Although the petition alleged that the Cowgills "did in fact adopt plaintiff" and although plaintiff prayed the court to declare that she had "the status of a legally adopted child of Guy M. Cowgill and Lillian Cowgill" and that the contract of adoption became an executed contract in the year 1920, the petition further alleged that

"Guy M. Cowgill and Lillian Cowgill failed to execute a valid deed of adoption on their part or to otherwise formally adopt her in accordance to the statutes of the State of Missouri in such cases made and provided''; and that "the statutory formalities required by law relating to the adoption of children" were not complied with. Plaintiff prayed that "if it (the contract) be not performed in every particular, that performance thereof be directed and decreed"; and that the court "adjudge and declare that the contract of adoption entered into as set forth in plaintiff's petition . . . be legal and binding on all parties hereto."

Appellant insists that no amount in money or property is in dispute before the court; that the action is one in personam; that the only issue made by the pleadings relates to the "status" of the plaintiff; and that she did not ask any further relief. Appellant further states: "It is true as the respondents say that the appellant seeks only a decree of adoption. . . . Since 1920 she has or she has not had the status of and has been the adopted child of Guy M. Cowgill. She needs proof of this status, alleged to have been created in Missouri, under Missouri law, and the purpose of this action is to get that proof. . . . The plaintiff seeks a decree of adoption PERIOD. That such a decree would make her the child of Guy M. Cowgill and Lillian Cowgill, 'with all of the legal relationships, rights, privileges, powers and immunities which the law creates between natural parents and their child,' is a matter not of decree but rather a matter of consequence of the decree. It also is a matter of law, or consequence, rather than of the decree that *an equitable adoption creates the same relationship* which would be *created by a strict compliance with the adoption statutes of Missouri.*" (Italics ours). In addition appellant contends that a *legal* adoption was effected and a *legal* status of adopted child of Guy M. Cowgill was created by the alleged contract of adoption and the admitted facts, although the contract was unperformed to the extent that "the statutory formalities required by law relating to the adoption of children" were never complied with. Appellant insists that her *legal* status as an adopted child can be recognized and declared under the declaratory judgment act against persons who were not parties to the contract and particularly against the respondents who claim the Iowa property as the heirs at law of Mrs. Cochrane. Appellant says "her status exists as well now as though she had been formally adopted."

No issue is presented upon this appeal concerning the decree of equitable adoption entered against Lillian Cowgill. The issue presented concerns only the appellant's right to a judgment against the personal representative and the collateral heirs of Clara Cowgill Cochrane, deceased, to the effect that appellant is the lawfully adopted daughter of Guy M. Cowgill and sustained that status to him. Ap-

pellant says that the respondents admitted and the court found all of the essential facts "required for an equitable adoption."

Respondents contend that the court had no jurisdiction to enter a decree of equitable adoption on the cause of action stated against Guy M. Cowgill or any of the defendants, except Lillian Cowgill; that, if the appellant was entitled to a declaration of rights against Lillian Cowgill, the decree should have decreed that appellant either did or did not have the rights she sought to have declared; and that the court should have declared that "appellant does not have the 'status' of an adopted child (of Guy M. Cowgill) under Missouri law and is not entitled to greater relief than that given her by the decree entered below."

It clearly appears from the allegations of the petition, as well as from the admitted facts, that the fundamental and basic fact upon which appellant bases her cause of action is the breach by the Cowgills of their contract to adopt the appellant as their daughter. Except for the basic fact that the Cowgills failed to comply with "the statutory formalities required by law relating to the adoption of children," there would be no occasion for this action or the relief here sought. In this connection the answering defendants denied that Guy M. Cowgill and Lillian Cowgill adopted plaintiff or that plaintiff was the lawfully adopted child of the Cowgills under and by virtue of the laws of this state. Defendants further alleged "that, as alleged in plaintiff's petition, Guy M. Cowgill died long before the bringing of this suit by plaintiff, and that his estate has been completely distributed, the plaintiff being one of the beneficiaries under the will of the said Guy M. Cowgill; that all of the property which plaintiff now seeks to inherit was the property of a sister of Guy M. Cowgill, whose death occurred subsequent to that of ▮▮▮ said Guy M. Cowgill and after final distribution of his estate; . . . that the parties to the alleged agreement to adopt made no attempt to comply with the statutes then in force and effect providing for the adoption of children in the State of Missouri; and that, therefore, there was no adoption, even though the conduct of the parties to the alleged agreement to adopt has been such that they themselves, or their direct descendents claiming under them, in a proceeding against them alone, might be estopped from denying such adoption. These defendants further say that they were not parties to the said alleged agreement to adopt and that they are not the direct descendants of any of said parties to said alleged agreement to adopt, and therefore that no right or claim of estoppel to deny said adoption is applicable to them." Defendants prayed the court "to adjudge and decree that there was no adoption under the laws of the State of Missouri, and that the plaintiff is not entitled to inherit from the collateral kin of said Guy M. Cowgill."

As stated, it is conceded that Guy M. Cowgill died February 13, 1936; and that administration on his estate has been completed and his executrix discharged. No personal representative of Guy M. Cowgill, deceased, is a party to this suit and none of his property is involved herein or in anywise sought to be affected by this proceeding, which is solely between appellant and the respondents on the theory that a determination of the issues herein may ultimately determine the disposition of intestate funds of Guy M. Cowgill's sister, Clara Cowgill Cochrane, who died April 11, 1944, long subsequent to the death of Guy M. Cowgill. The court of course has no jurisdiction of Guy M. Cowgill, or of his personal representative, or of any of his property. He left no children or other descendants and there is and was no controversy over his estate. The rights and status sought to be established and declared, while they concern the relationship between appellant and Guy M. Cowgill, are now sought to be established as against the collateral heirs of Cowgill's sister. While neither his sister nor her collateral heirs were parties to the contract of Guy. M. Cowgill to adopt the appellant, it is in effect admitted, as between the appellant and these respondents, that the appellant, long prior to the death of Guy M. Cowgill, had a cause of action in equity against Guy M. Cowgill for specific enforcement of the oral contract to adopt her and that the facts were such that she could have enforced her cause of action in equity against him, or against his heirs after his death. Although appellant was treated as an adopted daughter and obtained, as against Guy M. Cowgill and his estate, all of the benefits which a court of equity could have given her and although the contract to adopt her was never repudiated or denied by the Cowgills, yet the contract was never performed in that the statutory provisions were not complied with. By her action for the specific enforcement of the oral contract of adoption entered into between the Cowgills and appellant's father, appellant now seeks the aid of a court of equity and *a decree of equitable adoption* by the Cowgills. She further, as stated, seeks this relief in an action, not against Guy M. Cowgill, his personal representatives or his property, but against the personal representative and the collateral kin and heirs at law of Mrs. Cochrane, to establish that she (appellant) was equitably adopted by Guy M. Cowgill. While appellant did not plead representations, inducements or fraud as the basis for an estoppel against any of the named defendants she nevertheless sought (1) the aid of a court of equity for the specific enforcement of the contract to adopt, (2) a decree of *equitable adoption* and (3) a declaration of her status as an adopted child of Guy M. Cowgill. See Dillmann v. Davison (Mo. Sup.), 239 S. W. 505, 507; Remmers v. Remmers (Mo. Sup.), 239 S. W. 509; Drake v. Drake, 328 Mo. 966, 43 S. W. (2d) 556. Appellant admits that the contract is "the very basis of plaintiff's claim."

▮ Adoption was unknown to the common law and exists in this state only by statute. Clarkson v. Hatton, 143 Mo. 47, 55, 44 S. W. 761; Lamb v. Feehan (Mo. Sup.), 276 ▮ S. W. 71, 78; Niehaus v. Madden, 348 Mo. 770, 155 S. W. (2d) 141, 144; 1 Am. Jur. 622, Adoption of Children, Sec. 3. Our present adoption statute provides for adoption by decree of the proper juvenile court. Art. I, Chap. 56, Sec. 9608 et seq. R. S. 1939. Prior to the enactment of the present statute in 1917, an adoption could be effected by deed of adoption. Sec. 1671 et seq. R. S. 1909; Hockaday v. Lynn, 200 Mo. 456, 98 S. W. 585. The present and prior statutory enactments, however, did not oust a court of equity of jurisdiction to decree an adoption in a proper case, where the facts warrant it, although the statutory methods of adoption were not complied with. Drake v. Drake, supra, 43 S. W. (2d) 556, 558. In that case the court said: ''Since the statute has made the adoption of a child lawful, the law, for the same reasons that it sometimes enforces oral contracts affecting real estate, will not allow the mere failure of one party to do his duty to work an irreparable wrong to one who has fully performed his part. . . . If, as we have seen, the former statute which authorized an adoption by deed did not preclude a court of equity, in a proper case, from decreeing specific performance of an oral contract to adopt, no valid reason exists why the present statute which authorizes an adoption by a judgment of the juvenile division of the circuit court should do so. Both statutes authorize an adoption in a specified manner, but neither contains a prohibition against a court of equity taking the necessary steps to protect the interest of a child in a case where one has expressly agreed to adopt the child, or by his acts and conduct has placed himself in a position where it would be inequitable to permit him to assert that the child was not adopted.'' Also see Lynn v. Hockaday, 162 Mo. 111, 125, 61 S. W. 885.

In this case, as stated, appellant's action is based upon the contract of the Cowgills to adopt her, the full performance of the contract by herself and her father and the fact that the Cowgills performed the contract in every manner, *except* that they ''failed to execute a valid deed of adoption on their part or to otherwise formally adopt her in accordance to the statutes of the State of Missouri in such cases made and provided.'' Appellant says that the action is not based upon estoppel, fraud or inducements, but on contract; and that there was a legal adoption regardless of any compliance with statutory provisions.

▮ Many cases involving oral contracts of adoption have been considered by this court, but we can not agree to the contention that there can be an adoption by contract and performance without either a compliance with ''the statutory formalities required by law relating

to the adoption of children," or a decree of a court of equity based upon equitable principles and decreeing an equitable adoption.

"It has long been recognized, however, that a person who is legally competent to adopt may enter into a binding contract whereby for a good consideration he agrees to take another as his child. Where such contract is actually made and based upon a good consideration and where it is fully performed by the person to be adopted but is not performed by the promisor during his lifetime, a court of equity will declare specific performance against the adoptor's estate to the extent at least of making the adoptee an heir." Niehaus v. Madden, supra; Bland v. Buoy, 335 Mo. 967, 74 S. W. (2d) 612, 619; Taylor v. Coberly, 327 Mo. 940, 38 S. W. (2d) 1055, 1060; Lynn v. Hockaday, supra (162 Mo. 111, 126).

Equitable adoption in this state is founded upon well established equitable principles by which equity may grant specific enforcement of a contract to adopt, or declare, in a proper case, that a defendant is estopped to deny the adoption agreed to be made. Some of the grounds upon which affirmative equitable relief may be granted are discussed in Thompson v. Moseley, 344 Mo. 240, 125 S. W. (2d) 860, 862; Shelp v. Mercantile Trust Co., 322 Mo. 682, 15 S. W. (2d) 818, 824; Weber v. Griffiths, 349 Mo. 145, 159 S. W. (2d) 670, 673; and Holland v. Martin, 355 Mo. 767, 198 S. W. (2d) 16.

Appellant has called our attention to a footnote in 2 C. J. S. 401, based upon Lindsley v. Patterson (Mo. Sup.), 177 S. W. 826, stating: "In Missouri, and in this jurisdiction only, it is held that a fully executed contract of adoption on the part of the child, although the statutory procedure was not followed . . . operates to change the status of the child, so that it may take as an heir." Also see the discussion of Missouri cases in 2 C. J. S. 376, Sec. 6. In the opinion in the Lindsley case it is stated that "any person who was capable of contracting could, at common law, adopt a minor child as his or her own son or daughter, in the same sense that he might enter into any other contract," and the court said concerning the propositions presented: "First, was Mabel *legally* adopted as a child by Laura D. Patterson according to the principles of the common law?" (Italics ours). A reading of the opinion referred to and a reference to the authorities upon which it is based indicates that the case involved an equitable adoption proceeding, the action being essentially for the specific performance of an oral contract of adoption, where a failure to decree an equitable adoption would have been a fraud on the child. In so far as the case refers to adoption according to the principles of the common law, the case has not been cited or followed.

Appellant also relies upon statements contained in Rauch v. Metz, En Banc (Mo. Sup.), 212 S. W. 357; Carlin v. Bacon, 322 Mo. 435, 16 S. W. (2d) 46; Holloway v. Jones (Mo. Sup.), 246 S. W. 587 and other cases, as supporting her contention of a legal adoption by mere

contract and performance and as creating the legal status of adoption independent of compliance with the statutory procedure provided and independent of the granting of affirmative equitable relief in a court of equity. Notwithstanding some of the statements made in the opinions cited, the decisions may be explained in harmony with a proper exercise of equity jurisdiction under which affirmative equitable relief is granted, equitable adoption decreed and the status of an adopted child declared as against specific individuals, or their heirs at law.

In adoption cases, except for such relief as may be granted in equity in a proper case, the rule is properly stated in 2 Beale's, "The Conflict of Laws," page 713, Sec. 142.1, as follows: "In order to create the status of adoption there must be some formal legal act; and as the common law knows no such status, it can only be created in strict and formal conformity to the terms of some statute. It cannot be created by contract or agreement." See Niehaus v. Madden, supra; McIntyre v. Hardesty, 347 Mo. 805, 149 S. W. (2d) 334, 336; Sarazin v. Union Railroad Co., 153 Mo. 479, 485, 55 S. W. 92; Healey v. Simpson, 113 Mo. 340, 346, 20 S. W. 881; Sharkey v. McDermott, 91 Mo. 647, 4 S. W. 107; Mutual Life Ins. Co. of N. Y. v. Benton, 34 Fed. Supp. 859, 862; 2 C. J. S. 368, Adoption of Children, Sec. 1. We hold that no status of adoption exists in this state independent of compliance with statutory provisions or a decree of equitable adoption.

As stated, appellant was not adopted by Guy M. Cowgill and Lillian Cowgill according to the existing statutory requirements on May 17, 1920, or at any subsequent time. Whether appellant is entitled to a decree of equitable adoption by Guy M. Cowgill in this action against the respondents and whether she had the legal status of an adopted daughter must be determined under the laws of this state. Appellant admits that the courts of this state have "the exclusive right to determine that status"; and that the ownership of Iowa property is not directly involved, nor within our jurisdiction. We need not therefore consider respondents' contention that equity acts only with reference to property rights. See Beach v. Bryan, 155 Mo. App. 33, 133 S. W. 635.

Except as hereinbefore stated, the respondents were made defendants solely upon the theory that they were the collateral kin and heirs at law of Clara Cowgill Cochrane, deceased; and that they were claiming the intestate property of her estate as such and were, accordingly, interested in a determination of whether or not appellant had the status of an adopted daughter of Guy M. Cowgill. While it is in effect admitted that the appellant would have been entitled to a decree of equitable adoption against Guy M. Cowgill during his lifetime, or against his heirs at law or his personal representatives after his death, entitling her to inherit from him as an

adopted daughter, she is not entitled to such a decree as against the collateral kin of his sister, who were not parties to the adoption contract and who are not bound thereby. No equities exist in her favor · as against them authorizing a decree of equitable adoption by him as against them. Weber v. Griffiths, supra; Thompson v. Moseley, supra; McIntyre v. Hardesty, supra; Genz v. Riddle, 199 Wis. 545, 226 N. W. 957. The usual grounds of equity jurisdiction do not apply. Weber v. Griffiths, supra. Neither Mrs. Cochrane, nor any of the respondents were bound by the contract of Guy M. Cowgill or the subsequent facts and circumstances. The Iowa property was never a part of Cowgill's estate, subject to his debts, nor transferable by his will. A decree for equitable adoption of appellant by Guy M. Cowgill in this proceeding against the collateral heirs of Cowgill's sister would be wholly unauthorized.

If Guy M. Cowgill had legally adopted appellant in compliance with statutory requirements, the adoption would have been binding on all persons, including the respondents, but in an equitable proceeding based upon contract, only the parties thereto, or those in privity with them are bound. Equity acts only against specific individuals and, in such case, one person may be bound and not another. A decree of equitable adoption merely forecloses "the parties to the suit against a denial of the status that the court declares" and the status decreed exists only in equity and against the judgment defendants. As between appellant and the respondents, appellant was not, in either law or equity, the adopted child of Guy M. Cowgill by reason of his contract to adopt her and the facts and circumstances admitted.

Appellant is denied the affirmative equitable relief sought against respondents, other than Lillian Cowgill, but the relief granted against her is affirmed. The decree is modified (1) to exclude the holding against Guy M. Cowgill and any direct determination of appellant's rights in the Iowa property, and (2) to add that, as between appellant and all the respondents, appellant is not the adopted daughter of Guy M. Cowgill and has no rights or status as such.

As modified the judgment is affirmed. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.