**KEISER v. WIEDMER.**

Nos. 28758 and 28780.

St. Louis Court of Appeals.

Missouri.

Dec. 15, 1953.

Motion for Rehearing or to Transfer
to Supreme Court Denied
Jan. 15, 1954.

David Y. Campbell, St. Louis, for appellant.

Boaz B. Watkins, Gillette F. Wright, St. Louis, for respondent.

ANDERSON, Judge.

This is a proceeding under the Declaratory Judgment Act, Chapter 527 RSMo 1949, V.A.M.S., in which plaintiff, Isabelle Stewart Keiser, seeks to be declared the lawfully adopted daughter of defendant, Mary Stewart Wiedmer. To plaintiff's petition, defendant filed a motion to dismiss. The trial court sustained said motion and dismissed the cause. From the judgment of dismissal, plaintiff has appealed.

It appears from the petition that defendant was, on September 13, 1949, adjudged to be a person of unsound mind, and that Victoria I. Smith was appointed guardian of said defendant.

It was alleged that prior to March 3, 1919, plaintiff, who was then known as Rachel Elizabeth Oviatt, was in the care and custody of the Christian Orphans' Home, having been placed there by her mother, Grace Oviatt. It was further alleged that:

"3. On or about March 3, 1919, defendant on behalf of herself and her husband, Albert E. Wiedmer, now deceased, made written application to said Home to take plaintiff therefrom and into the care and custody of defendant and her said husband for the purpose of adopting plaintiff. On or about said date and pursuant to said application by defendant, plaintiff was placed by said Home in the care and custody of defendant and her said husband, and plaintiff's name thereafter was changed by defendant and her said husband from Rachel Elizabeth Oviatt to Isabelle Stewart Wiedmer. At all times thereafter, plaintiff remained in the care and custody of defendant and of her said husband, until plaintiff's marriage on or about September 3, 1932.

"4. At all times hereinabove mentioned, defendant and her said husband reared and educated plaintiff as their own daughter, looked upon and treated plaintiff as their daughter, and held plaintiff out to their friends, neighbors and all others as the adopted daughter of defendant and her said husband. At all times herein mentioned, plaintiff acted as a daughter toward defendant and treated the defendant with love, honor and respect as plaintiff's adoptive mother, and, in general, performed all her duties as a daughter of defendant.

"5. On or about March 3, 1919, and at various times thereafter, defendant,

acting for herself and said husband, now deceased, represented and agreed with the said Grace Oviatt, plaintiff's natural mother, that if the said Grace Oviatt would relinquish all her claims as the natural mother of plaintiff for the benefit of defendant and her said husband, now deceased, then defendant and her said husband, now deceased, would adopt plaintiff as their own child, with all rights as though plaintiff were the child born in lawful wedlock of defendant and her said husband; would rear and educate plaintiff and treat plaintiff as their own child; and would make plaintiff an heir of defendant and her said husband, so that plaintiff would inherit from the respective estates of defendant and her said husband at their respective deaths.

"6. In reliance upon said representations and agreements by defendant described in paragraph 5 above, said Grace Oviatt, on or about October 28, 1919, or prior thereto, agreed to and did relinquish and release all her rights as natural mother of plaintiff unto said Home for the benefit of defendant and her said husband, so that defendant and her said husband might legally adopt plaintiff.

"7. After said relinquishment and release by said Grace Oviatt as plaintiff's mother, described in paragraph 6 above, defendant and her said husband continued to treat plaintiff as their own daughter, and held plaintiff out as their adopted daughter. By their said acts and conduct, defendant and her said husband, now deceased, led said Grace Oviatt and plaintiff to believe that plaintiff was the legally adopted daughter of defendant and her said husband, but defendant and her said husband refused or failed and neglected during the lifetime of defendant's said husband, and at all times since the death of defendant's said husband, on or about September 6, 1937, defendant has refused or failed and neglected, and still does refuse or fail and neglect, either wrongfully or through misunder-

standing, to adopt plaintiff in the manner and form provided by the statutes of Missouri, then and now in force and effect.

"8. On or about September 6, 1937, defendant's husband, the said Albert E. Wiedmer, died, a resident of the said City of St. Louis, testate. Thereafter, on or about September 29, 1937, defendant applied for the probate of the will of her said deceased husband and made and filed in said Probate Court of the said City of St. Louis, her application for probate, stating under oath that plaintiff was a daughter of defendant's said deceased husband; and pursuant to said probate proceedings in said Probate Court of the City of St. Louis on the estate of defendant's said deceased husband, in Estate No. 85489 in said Probate Court, defendant was appointed by said Probate Court and duly qualified and acted as executrix of her said deceased husband's estate, and agreed to and did distribute a child's share therein to plaintiff as the adopted daughter of defendant and her said deceased husband.

"9. During the administration upon the estate of defendant's said deceased husband, as aforesaid, a dispute arose between defendant and plaintiff and other persons interested in the estate, whereunder defendant claimed certain assets of her said deceased husband as her own by reason of an alleged or purported gift to defendant by her deceased husband, which dispute and controversy was fully settled by agreement by and between the said parties thereto. By the terms of said agreement and by other statements and acts of defendant in and pertaining to the settlement of said dispute or controversy, defendant admitted and recognized that plaintiff was the adopted daughter of defendant and her said deceased husband, and defendant, at all times thereafter, recognized plaintiff as her adopted daughter. Defendant, however, has failed and neglected, or has refused, and now is, by reason of

the adjudication of defendant as aforesaid, legally incapable of acting, to adopt plaintiff as the daughter of defendant in the manner and form provided by statute.

"10. By reason of the facts hereinabove alleged and the conduct and acts of defendant, set forth in paragraphs 1 to 9, inclusive above, defendant intended to and did adopt plaintiff as her daughter, and plaintiff is the adopted daughter of defendant.

"11. By reason of the facts and the acts and conduct of defendant set forth in paragraphs 1 to 9, inclusive above, defendant is estopped to deny that plaintiff is her adopted daughter, and entitled to share in defendant's estate, as an heir of defendant at defendant's death, if plaintiff then survives.

"12. Plaintiff has no adequate remedy at law.

"Wherefore, plaintiff prays the Court to enter its judgment and decree finding, adjudging and declaring that plaintiff is the adopted daughter of defendant as fully as though born of defendant; and for such other and further orders, judgments and decrees as the Court may deem proper, and for her costs herein expended."

To the foregoing petition, defendant, through her guardian, filed her motion to dismiss the petition, on the grounds:

"1. That said petition clearly shows on its face through the allegations therein that it is prematurely brought for the following reasons.

"(a) Petition states that unless she survives the defendant there would be no reason for an adjudication of the matters and things set forth in said petition.

"(b) There is no allegation in said petition, and cannot be any allegation made, relative to what the last Will and Testament of Mary Stewart Wiedmer will be until after the death of Mary Stewart Wiedmer.

"(c) There is no allegation in said petition, and cannot be any allegation made, to the effect that Mary Stewart Wiedmer may not at some future time be restored to competency and might at such time, if she so chooses, adopt the plaintiff.

"(d) There is no obligation in said petition, and none can be made, that there will be any estate of Mary Stewart Wiedmer in which the plaintiff could be interested in at the time of the death of Mary Stewart Wiedmer.

"Wherefore, defendant prays that this action be dismissed at the cost of the plaintiff for reasons hereinbefore stated."

As heretofore stated, the court sustained the foregoing motion and, in due course, plaintiff appealed from the judgment of dismissal.

Appellant assigns as error the action of the trial court in sustaining defendant's motion to dismiss. In support of this assignment it is urged that the Declaratory Judgment Act authorizes a suit to declare plaintiff's status as defendant's child, by equitable adoption, even though further relief is not sought.

For the respondent, it is urged that for one to be entitled to any form of declaratory relief he must plead and prove facts showing that a useful purpose would be served by the granting of the relief sought; and that in the case at bar no useful purpose is shown, for the reason that rights flowing from plaintiff's status have not accrued and may never arise.

Section 527.010 RSMo 1949, V.A.M.S., provides that circuit courts "shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Section 527.020 RSMo 1949, V.A.M.S., provides that "Any person interested under a deed, will, written contract or other writings constituting

**66**

a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder." By Section 527.050 RSMo 1949, V.A.M.S, it is provided that "The enumeration in sections 527.020 to 527.040, does not limit or restrict the exercise of the general powers conferred in section 527.010, in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

Under the foregoing sections of the statute plaintiff is entitled to invoke the aid of the court under the Declaratory Judgment Act whether her status as an adopted child is alleged to have arisen from the making and performing of a written or oral contract—provided there exists a justiciable controversy ripe for decision.

Plaintiff in this case proceeds on the theory that she is entitled to a declaration of the status as an adopted child by reason of a contract between defendant and plaintiff's natural mother entered into for plaintiff's benefit, and a refusal to perform on the part of defendant, thus creating a justiciable controversy ripe for decision.

We have considered the contentions of respondent and have concluded that, under the authority of Menees v. Cowgill, 359 Mo. 697, 223 S.W.2d 412, an action under the Declaratory Judgment Act to determine plaintiff's status as an adopted daughter of the defendant is maintainable, independent of any controversy relating to rights growing out of that status. In Menees v. Cowgill, supra, our Supreme Court approved the pronouncements of Judge Dew who so construed the Act in his dissenting opinion filed in said case when it was before the Kansas City Court of Appeals. Menees v. Cowgill, Mo.App., 214 S.W.2d 561. The same result was reached by the Supreme Court of Wisconsin in Miller v. Currie, 208 Wis. 199, 242 N.W.

570. See also, Morecroft v. Taylor, 225 App.Div. 562, 234 N.Y.S. 2.

The trial court erred in sustaining defendant's motion to dismiss. The judgment appealed from is reversed and the cause is remanded.

BENNICK, P. J., and ADAMS, Special Judge, concur.