James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

INDEPENDENT STAVE COMPANY, Inc., and James E. Boswell, Defendants.

No. 1518.

United States District Court
W. D. Missouri, S. D.

Dec. 4, 1957.

B. Harper Barnes, Rex L. Culley, Kansas City, Mo., U. S. Department of Labor, for plaintiff.

Donnelly & Donnelly, Lebanon, Mo., for defendants.

**830**

R. JASPER SMITH, District Judge.

Plaintiff seeks to enjoin defendants from allegedly violating the provisions of Sections 15(a) (1), 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, as amended, Sections 201–219, Title 29 U.S.C.A.

Defendants urge that plaintiff's complaint is so vague and ambiguous that they should not reasonably be required to prepare a responsive pleading. Accordingly, they move for a more definite statement of the complaint, requesting that plaintiff be required to furnish the names of the employees involved in the various violations alleged in the complaint and the particular work weeks during which the alleged violations occurred.

A motion for a more definite statement, as contemplated by Rule 12 (e), Fed.Rules Civ.Proc., 28 U.S.C.A., rests within the sound discretion of the Court, and is inappropriate unless the adversary's pleading is so vague and ambiguous that a responsive pleading cannot reasonably be framed. The particular facts of each case are determinative of such motion.

It is my opinion that plaintiff's complaint sufficiently complies with Rule 8, F.R.C.P., and its requirements for particularity. I comprehend no reason why defendants cannot interpose a proper answer, and thus hold that the complaint is not vulnerable to attack under Rule 12(e). Under the discovery rules it will be entirely permissible for the defendants to ascertain the precise facts which they now seek to have incorporated in the pleadings.

For these reasons, defendants' motion for a more definite statement is overruled.

Defendants have also filed a demand for jury trial. Plaintiff moves to strike the demand, contending that the relief is purely equitable. When an action for an injunction is brought by the U. S. Department of Labor to enjoin violations of the Fair Labor Standards Act by an employer, and the relief sought is solely injunctive, there is no right to trial by jury. An injunctive proceeding is a proceeding in equity. Fleming v. Peavy-Wilson Lumber Co., D.C., 38 F. Supp. 1001; Walling v. Richmond Screw Anchor Co., D.C., 52 F.Supp. 670; Tobin v. Abelson, D.C., 103 F.Supp. 404.

Defendants' demand for jury trial is stricken. It is so ordered.