Woodrow SELSOR and Lucille Selsor, Plaintiffs-Appellants,

v.

Richard L. SHELBY and Marian A. Shelby, Defendants-Respondents.

No. 32234.

St. Louis Court of Appeals.

Missouri.

March 15, 1966.

Weber & Cytron, House Springs, for plaintiffs-appellants.

Earl R. Blackwell, Hillsboro, Milton F. Napier, St. Louis, for defendants-respondents.

BRADY, Commissioner.

The appellants filed suit to enjoin the respondents from continuing an alleged violation of restrictions governing the use of certain lots in a subdivision. Respondents entered a general denial and also pleaded laches, waiver, and estoppel. The trial court denied the relief sought and this appeal followed. We will hereafter refer to the parties by their designation in the trial court.

Under the rules of review governing actions of this nature this court's duty is to hear the case de novo, and, giving due deference to the trial court's findings, we are to reach our own conclusions as to the facts. Sec. 510.310, subd. 4, RSMo 1959, V.A.M.S., and cases cited at note 89; see also § 526.010, RSMo 1959, V.A.M.S., and cases cited at note 10. Stated with obedience to these rules the facts of this case pertinent to the issue which we find determinative follow.

The defendants have been and are operating a nursery business on lots 4, 5, 13, and 14 of the Hillcrest Subdivision (hereinafter referred to as the subdivision) in Jefferson County, Missouri. Lot 4 abuts lot 13 at the rear line and lot 5 does the same to lot 14. There are 122 lots in the subdivision. The plaintiffs own lot 6, the south line of which abuts lot 5 at the latter's north line. The restrictions on the use of these lots include one which provides: "Said lots shall be used for residence purposes only; and no business of any nature shall be permitted, maintained or conducted thereon."

. The defendants originally owned lots 4, 5, and 13 and had operated a landscape business on this property since 1953. In 1954 they obtained a loan and began the nursery business. In that year they had row after row of shrubs on the property. Early in the development of the business it was a part time operation but it grew with the years both in the investment involved and in the amount of nursery stock carried on the defendant's premises. After 1961 Mr. Shelby devoted full time to it. At the date of trial the defendents had approximately $20,000.00 inventory of nursery stock on their premises. The plaintiffs bought their property in the subdivision some thee years after the defendants and at the date of trial had been there eight years. Their home was located on lot 6

but they originally owned lot 14 as well. In August of 1960, the plaintiffs came to the defendants and asked the latter whether they were interested in buying lot 14 in order to expand their nursery operation. Plaintiffs explained they would rather have the nursery on the property than a house. The warranty deed to lot 14 given by the plaintiffs recites that the lot is "subject to the restrictions" on file in the office of the recorder of deeds. At some undetermined time between this sale and the commencement of this action Mrs. Selsor purchased some trees which the defendants had exhibited on lot 14 after its purchase from the plaintiffs. Plaintiffs filed their action in April of 1964.

There was other evidence going to the issue of whether the restrictions placed upon the use of these lots were to be deemed to have been waived, relinquished, or abandoned. This evidence concerned itself with the operation of other businesses upon lots in the subdivision and the violation of certain other restrictions such as those prohibiting open septic tanks, certain types of fences, and above the ground storage tanks. As stated earlier herein we do not rule this case upon any of those issues and the facts relating thereto need not be set out herein.

■ An injunctive proceeding is a proceeding in equity, Mitchell v. Independent Stave Company, U.S.D.C., Mo., 159 F.Supp. 829. Laches is an equitable doctrine which has been defined as the neglect, for an unreasonable and unexplained length of time, under circumstances permitting diligence, to do what should have been done. Delay alone is insufficient to establish laches. It must have been delay resulting in a disadvantage to the other party. See Keiser v. Wiedmer, Mo.App., 283 S.W.2d 914, l.c. 917; 30A C.J.S. Equity § 112. There is no fixed time within which a person must act or be barred by laches. The length of time involved depends upon the circumstances of each particular case. Keiser v. Wiedmer, supra. The issue to be considered is whether the delay was reasonable under the circum-

stances. Palfrey v. Killian, 224 Mo.App. 325, 27 S.W.2d 462, l.c. 464–465. If it was then laches is not a good defense. It is well recognized that laches may bar relief from the violation of a restriction. 26 C. J.S. Deeds, § 171 d., p. 1182.

■ It seems clear all the elements for the application of the doctrine of laches are here present. The evidence is that the defendants were operating their business on lots 4, 5, and 13 when the plaintiffs bought their property in the subdivision and continued to operate their nursery business on those lots for some eight years before the plaintiffs took any action. The very nature of the business and the location of plaintiffs' home is such that in spite of their denial, plaintiffs must have known of the operation of the business on these lots. With respect to the operation of defendants' business on lot 14 there can be no doubt of the plaintiffs' knowledge. The evidence is they encouraged the defendants to buy the lot and use it for that purpose and also purchased a tree from defendants' nursery stock planted on that lot. These factors greatly reduce the time during which the plaintiffs should have acted. During the eight years the plaintiffs delayed asserting their rights under the restrictions as to the operation of defendants' business on lots 4, 5, and 13, and the over three and one-half years they delayed as to the operation of that business on lot 14, the defendants' business was steadily increased in size requiring a greater investment in inventory and in the time defendants devoted to the business. Moreover, after the transfer of lot 14, Mr. Shelby quit his other job and devoted full time to the nursery business and the defendants increased their inventory. These facts clearly illustrate that plaintiffs' delay in asserting their rights has worked to defendants' disadvantage. Plaintiffs' unexplained delay under these circumstances was unreasonable and constitutes laches.

We are not to be understood as holding that the restrictions in the warranty deed conveying lot 14 to the defendants are in

any way invalidated by the plaintiffs' conduct. Neither the restrictions contained in that deed nor those having reference to any other lot are under attack in this proceeding. The validity of these restrictions is not herein ruled and neither is there any question in this case as to whether any other party in the subdivision might enforce the restrictions which govern all the lots in the subdivision. We do hold that with respect to these lots plaintiffs, being barred by laches, cannot do so as they are not proper subjects for the solicitude of a court of equity.

From what has been said it is apparent that the trial court properly found for the defendants. However, when it did so it based its judgment upon the grounds of estoppel. We have concluded the plaintiffs are barred from the relief herein sought due to laches and therefore do not consider the other defenses, including estoppel, raised by the defendants. In equity matters we are authorized to direct the entry of such judgment as should have been rendered. It follows that the judgment should be set aside and the cause remanded to the trial court with directions to amend its judgment. See Rosemann et ux. v. Adams et ux. and Village of Bel-Ridge, 398 S.W.2d 855, Supreme Court opinion handed down January 10, 1966. However, since the trial court's judgment as to the proper party to prevail is in effect affirmed by this opinion, costs of this appeal are to be taxed against the plaintiffs.

The judgment is therefore set aside and the cause remanded to the trial court with directions to hold the plaintiffs barred by laches and to enter its judgment for the defendants.

PER CURIAM.

The foregoing opinion by BRADY, C., is adopted as the opinion of this court. The judgment is set aside and the cause remanded to the trial court with directions to hold the plaintiffs barred by laches and to enter its judgment for the defendants.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.